[No. 1922]

## THE STATE OF NEVADA, RESPONDENT, v. S. P. GRIMMETT, APPELLANT

1. HOMICIDE—SELF-DEFENSE.
      Where one, without voluntarily seeking, provoking, inviting, or willingly engaging in a difficulty, is attacked by an assailant, and it is necessary for him to kill the assailant to protect his own life, he need not flee for safety, but may stand his ground and kill the assailant.

2. HOMICIDE—SELF-DEFENSE—EVIDENCE—SUFFICIENCY.
      Evidence *held* to show that a killing was committed in self-defense.

APPEAL from the District Court of the Seventh Judicial District of the State of Nevada, Esmeralda County; *Peter J. Somers*, Judge.

S. P. Grimmett was convicted of voluntary manslaughter, and he appeals. **Reversed.**

The facts sufficiently appear in the opinion.

*P. A. McCarran* and *Wm. Woodburn*, for Appellant.

*R. C. Stoddard*, Attorney-General, *L. B. Fowler*, Deputy Attorney-General, and *Augustus Tilden*, District Attorney, for the State:

Appellant's first proposition is that the verdict of the jury in convicting appellant of the crime of voluntary manslaughter is contrary to the evidence. The question as to who was the agressor, and the question whether the defendant acted in self-defense are peculiarly for the jury to determine. They are not questions of law in any sense, and the verdict will not be disturbed unless it is clearly against the evidence.

Said Leonard, J., in *State* v. *Mills*, 12 Nev. 405: "This court cannot reverse a judgment in a criminal case on the ground that the verdict is contrary to the evidence, when there is any evidence to support it. When there is some evidence to support every fact necessary to make the crime complete, a *prima facie* case is made out; and when that conclusion is reached we have no jurisdiction to look beyond and decide as to the weight and preponderance of evidence."

See, also, *State* v. *Huff*, 11 Nev. 26; *State* v. *McGinnis*, 6 Nev. 109; *State* v. *Glovery*, 10 Nev. 24.

Appellant urges error in the concluding part of instruction 15 given by the court. It would seem, from counsel's statement and citations, that the objection is to the phrase, "or if the danger were imminent, but defendant did not believe it was, the homicide was not justifiable."

In *Williams* v. *U. S.*, 88 S. W. 334, 346, the court held proper an instruction that "the circumstances must be such as to excite the reasonable fears in a rational mind, and the person shooting must act under the influence of such fears and not in a spirit of revenge."

See, also, *Robinson* v. *Terr*, 16 Okl. 241; *Lee* v. *State*, 72 Ark. 436; *Henry* v. *People*, 198 Ill. 162; Brickwood's Sackett Instructions, sec. 3112, 3113.

Bishop's New Crim. Law, sec. 865, thus states the rule: "If one who is assaulted (we have seen that there must be an overt act, rendering the danger imminent) being himself without fault in bringing on the difficulty, reasonably apprehends death or great bodily harm to himself unless he kills the assailant, the killing is justifiable."

Wharton on Homicide, 3d ed., p. 361, sec. 225, says: "It must appear that the slayer was in great peril of death or serious bodily harm, or had reasonable ground for believing, and did believe, that he was in such peril." At p. 358, sec. 223: "He must believe at the time that he is in such immediate danger of losing his own life, or of receiving serious bodily harm." And at p. 371, sec. 228: "Belief in danger or fear of death or great bodily harm must have been actually entertained to justify a homicide * * * and, though the required danger actually existed, killing is not justified where it was not apparent and the slayer was ignorant of its existence." See *Trogdon* v. *State*, 133 Ind. 1, 32 N. E. 725.

Counsel's statement that where there is immediate danger it is not incumbent on defendant to fly, but that he has a right to stand his ground and slay his adversary, is superficial and narrow; it does not fit all conditions, and it beclouds the law as applicable to this particular case.

"One who enters willingly into a combat and fights willingly, not for his own protection, but to gratify his passion by inflicting injury upon his adversary, engages in a mutual combat which will prevent him from invoking the doctrine of self-defense." (Wharton, p. 538, sec. 334, and cases cited.)

By the Court, SWEENEY, J.:

The appellant, S. P. Grimmett, was indicted by the grand jury of Esmeralda County, State of Nevada, for the crime of murder, for shooting and killing one Charles Edward Baker on the 24th day of October, 1909. The appellant was regularly tried before a jury in the District Court of Esmeralda County, found guilty of voluntary manslaughter, and sentenced by the court to serve a term of six years in the Nevada state penitentiary. From the judgment of conviction, and from the order of the lower court denying a motion for a new trial interposed by defendant, relief is sought by appeal in this court.

Many assignments of error are urged by the appellant, but it will be only necessary to consider one, to wit: "That the verdict of the jury is contrary to the evidence." Before proceeding to a consideration of this assignment of error, which we believe will be sufficient for the purpose of disposing of this case on appeal, we will advert to the confession of error made by the attorney-general on behalf of the state in submitting this case, at which time the representative of the attorney-general's office said: "May it please the Court: In the case of *State* v. *Grimmett*, the state concedes that fatal error exists, in that the verdict of the jury is clearly contrary to the evidence. A careful examination of the record shows that the defendant acted in self-defense; that he would have probably been killed himself if he had not shot at the time he did. The aggressive acts of Baker, the decedent, brought about his own death, and the defendant acted as any other reasonable man would have done when so situated." After the submission of the case the district attorney of Esmeralda County, in

opposition to the position of the attorney-general in confessing error, asked leave and was permitted by the court to file a supplemental brief in behalf of the state, which we have given due consideration.

An examination of the evidence, however, reveals to our mind a clear case of self-defense. The evidence introduced in behalf of the state and also of the defendant conclusively proves that Baker was the aggressor in the difficulty, which resulted in the loss of his life, and that it was necessary for the defendant to kill him in order to preserve his own. It appears on the night of the tragedy, from the testimony of witnesses for the state, that the decedent, after being asked for $7.50, which the defendant claimed the decedent owed him, became violently angry, called the defendant a "hop-head" and a "son of a bitch," hurriedly removed his coat, threw it on a roulette wheel in the saloon, ran for a billiard cue, and rushed towards the defendant, but was intercepted and the cue taken away from him by bystanders. Whereupon the decedent immediately ran back of the bar, took a revolver from the drawer, and as he rushed to the end of the bar, revolver in hand, fired one shot at the defendant, whereupon the defendant fired two shots, killing the decedent. For some time prior to the killing, the participants in this fatal affray were on unfriendly terms, and the decedent had threatened to kill the defendant.

The law is well established that where a person, without voluntarily seeking, provoking, inviting, or willingly engaging in a difficulty of his own free will, is attacked by an assailant, and it is necessary for him to take the life of his assailant to protect his own, then he need not flee for safety, but has the right to stand his ground and slay his adversary. Reviewing the whole evidence, we believe the position of the attorney-general, in confessing fatal error, is supported by an overwhelming preponderance of the evidence, and that the verdict of the jury is contrary to the evidence and must be reversed.

It is so ordered.