## STATE v. MOORE

### No. 2672

February 17, 1925.                    233 Pac. 523.

1. CRIMINAL LAW—RULING ON REQUEST FOR TRIAL RECESS WAS MATTER ENTIRELY WITHIN COURT'S DISCRETION.
   Requested recess from 11: 35 a. m. until 1 : 30 p. m., because defense attorney wanted witnesses put under rule, and would have them in court to be instructed after recess, *held* matter entirely within court's discretion.

2. RAPE—EVIDENCE HELD SUFFICIENT TO WARRANT CONVICTION OF STATUTORY RAPE.
   Evidence *held* sufficient to warrant conviction of father for statutory rape of daughter of 16 years of age.

3. RAPE—EVIDENCE CORROBORATIVE OF STATUTORY RAPE HELD NOT VARIANCE WITH CHARGE.
   Where daughter testified that her father had carnal knowledge of her October 20, 1923, her testimony that they first slept together in January, 1924, was corroborative of, and not variance with, charge of information laid in October, 1923.

4. RAPE—PREGNANCY WAS EVIDENCE CORROBORATING TESTIMONY AS TO OFFENSE.
   While pregnancy and birth of child were not elements of statutory rape, they constituted evidence corroborating testimony that accused was guilty of offense charged.

5. RAPE—PROSECUTRIX'S TESTIMONY THAT ACCUSED WAS FATHER
OF HER CHILD HELD CORROBORATIVE.
    Prosecutrix's testimony that accused was father of her child
was admissible as corroborative of her testimony charging him
with statutory rape.

6. CRIMINAL LAW—IN ABSENCE OF SPECIFIC OBJECTION TO QUES-
TION ELICITING ALLEGED ERRONEOUS TESTIMONY, RULING ON
ITS ADMISSION WILL NOT BE REVIEWED.
    In statutory rape prosecution, in absence of specific objec-
tion to question which elicited testimony that prosecutrix had
told witness accused was father of her child, alleged error in
· its admission will not be reviewed.

7. CRIMINAL LAW—COMPLAINT AS TO ADMISSION OF TESTIMONY
NOT FIRST URGED ON APPEAL.
    In statutory rape prosecution, where all testimony that
accused was cruel to his children, with exception to answer
to one question, was admitted without objection, accused can-
not first complain on appeal.

8. RAPE—REBUTTAL TESTIMONY THAT ACCUSED HAD ALWAYS BEEN
CRUEL TO HIS WHOLE FAMILY PROPERLY RECEIVED.
    Where, in statutory rape prosecution, accused testified that
his treatment of his children had not been cruel, testimony of
state witness in rebuttal that he had always been cruel to his
whole family was properly received.

9. WITNESSES — REFUSING TO PERMIT PROSECUTRIX TO ANSWER
CROSS-EXAMINATION QUESTION ON IMMATERIAL MATTER HELD
PROPER.
    In statutory rape prosecution, there was no error in not
allowing prosecutrix to answer question on cross-examination
as to what she was doing in California when her mother died;
it being immaterial.

10. CRIMINAL LAW—REFUSAL OF INSTRUCTION THAT TO CONVICT
JURY MUST BE SATISFIED FROM EVIDENCE ACCUSED DID
ACTUALLY PENETRATE PRIVATE PARTS OF PROSECUTRIX HELD
PROPER.
    Where, in statutory rape prosecution, there was no evidence
casting doubt on fact of penetration, and no issue thereof
raised, it was proper to refuse instruction that to convict jury
must be satisfied from proof beyond reasonable doubt that
accused actually penetrated private parts of prosecutrix.

11. CRIMINAL LAW—INSTRUCTION TO BE APPLICABLE MUST HAVE
SOME BASIS IN EVIDENCE.
    Instruction to be applicable must have some basis in
evidence.

12. CRIMINAL LAW—INSTRUCTION ON CONVICTION OF LOWER OFFENSE
HELD UNDER FACTS WITHOUT PREJUDICE TO ACCUSED.
    Where, in statutory rape prosecution, there was no lower
degree of which accused could have been found guilty, and
instruction as whole made it clear that accused should either
be convicted or acquitted, there was, in view of criminal
practice act, sec. 619, no prejudice to accused in instruction
under Rev. Laws, sec. 6277, as to conviction of lower offense.

13. CRIMINAL LAW—ANY ERROR IN SUSTAINING OBJECTION TO CROSS-EXAMINATION OF PROSECUTRIX AS TO HER ASSOCIATION WITH ANOTHER MAN WAS OBVIATED BY SUBSEQUENT EXAMINATION.

Any error in sustaining objection to question on cross-examination of prosecutrix in statutory rape prosecution as to her association with another man was obviated by her subsequent cross-examination on such subject.

14. CRIMINAL LAW—FIXING MINIMUM IMPRISONMENT FOR STATUTORY RAPE AT 50 YEARS HELD ERRONEOUS.

Where punishment for statutory rape under Stats. 1919, c. 234, was imprisonment for not less than 5 years, fixing minimum sentence at not less than 50 years was erroneous, in view of Stats. 1921, c. 176.

15. CRIMINAL LAW—IMPOSING UNAUTHORIZED SENTENCE HELD NOT TO NECESSITATE NEW TRIAL.

Error in imposing sentence fixing minimum of accused's term of imprisonment at 50 years instead of five *held* not to require new trial, appellate court, under criminal practice act, sec. 453, being permitted to modify sentence to conform to Stats. 1919, c. 234.

See (1, 6, 7, 10, 11, 12, 13, 14, 15) 16 C. J. sec. 2087, p. 825, n. 73; sec. 2185, p. 867, n. 25; sec. 2485, p. 1043, n. 35; p. 1044, n. 36; p. 1045, n. 39; sec. 2493, p. 1049, n. 82; p. 1050, n. 84; sec. 3206, p. 1361, n. 95; sec. 3223, p. 1369, n. 26 (new); 17 C. J. sec. 3331, p. 56, n. 16; sec. 3335, p. 69, n. 38; sec. 3658, p. 313, n. 48; sec. 3749, p. 366, n. 60; (2, 3, 4, 5, 8) 33 Cyc. p. 1453, n. 10 (new); p. 1476, n. 53; p. 1477, n. 57; p. 1484, n. 99; p. 1491, n. 52; (9) 40 Cyc. p. 2493, n. 37.

APPEAL from Second Judicial District Court, Washoe County; *Geo. A. Bartlett,* Judge.

S. Clyde Moore was convicted of the statutory crime of having carnal knowledge of a female child under 18 years of age, and he appeals. **Affirmed.**

*W. D. Jones,* for Appellant:

Variance between alleged date of rape, October, 1923, and proof of first sleeping together in January or February, 1924, clearly misled accused. Evidence cannot be introduced to show other and independent acts by same defendant on same party. People v. Ah Lean, 7 Cal. App. 628.

If injured party conceals injury for considerable time; if she made no outcry when it was probable she might have been heard, such circumstances carry strong presumption her evidence is false. Roscoe Crim. Evi. 1122; People v. Lambert, 52 Pac. 307.

Where substantial evidence is as consistent with innocence as with guilt, appellate court should reverse judgment of conviction. Harrison v. U. S. 200 Fed. 664.

Court must see that all elements of crime are proved. Clyatt v. U. S., 197 U. S. 207; State v. Cerfoglio, 213 Pac. 102.

"About" means "near to." Indictment must charge crime with so much certainty that defendant may know what he is called upon to answer. Sherban v. Com., 34 Am. Dec. 460.

What complainant told another two days after alleged crime was purely hearsay and not part of res gestae. State v. Ah Loi, 5 Nev. 99; State v. O'Connor, 11 Nev. 423.

It is reversible error to permit third party to testify that accused was father of child. People v. Mages, 66 Cal. 597.

There cannot be rape without penetration. Rev. Laws, 6442, 6443.

*M. A. Diskin,* Attorney-General; *Thos. E. Powell,* Deputy Attorney-General; *L. D. Summerfield,* District Attorney, and *H. L. Heward,* Deputy District Attorney, for the State:

Evidence of other acts of intercourse between the parties prior and subsequent to one charged was not objected to. It was admissible as showing course of conduct and by way of corroboration and explanation. 33 Cyc. 1456, 1457, 1483, 1484. Relation of parties may be shown, even though it involves crime of incest. 33 Cyc. 1456. Birth of child may be shown to establish sexual intercourse and prosecutrix may testify as to paternity of child. 22 Cyc. 1476, 1477.

Objection conditioned only against reply unfavorable to defendant is practice condemned by this court in recent case of State v. Clarke, 48 Nev. 134.

When defendant himself makes issue as to prosecutrix declarations, it is proper rebuttal to show that she also made contrary statements. It is immaterial error when improper testimony is admitted which is mere repetition of properly admitted testimony.

If this court should consider sentence erroneous it can correct same to read, "five years to life," and error would not be reversible one. Ex Parte Melosevich, 36 Nev. 67; Ex Parte Weinroth, 46 Nev. 103.

Evidence is ample to support verdict; no errors were committed; if error was committed it was not so prejudicial as to require reversal under Rev. Laws, 7469.

## OPINION

By the Court, DUCKER, J.:

The appellant was convicted of the statutory crime of having carnal knowledge of a female child under the age of 18 years, and sentenced to a term of imprisonment of not less than 50 years nor more than life. He appeals from the judgment and order denying his motion for a new trial.

The offense is alleged in the information to have been committed on the 20th day of October, 1923, or thereabouts. The complaining witness, Clara Moore, is the daughter of the appellant, and at the time of the offense charged was 16 years of age. Her mother died in Reno on the 2d day of July, 1923. She was in Oakland, Calif., when the mother died. She had previously lived in Reno with her father and mother, and after the latter died she returned to Reno on the 4th day of July, 1923. From that time until June 29, 1924, she lived with her father in Reno, except for a short period of time when she was with her father, who was working at a mine in another part of the state. The complaining witness gave birth to a child on June 29, 1924.

1, 2. The information was filed on July 11, 1924. After the jury was impaneled, and at 25 minutes to 12 o'clock noon, appellant's counsel requested the court to take a recess until 1:30 of that day, stating as reasons therefor the shortness of time from filing of the information; that they had done a good half day's work in getting the jury; that he wanted all of the witnesses placed under the rule; and that he could have all of his witnesses in court by 1:30 to be instructed

as to the rule. The court did not deem the reason sufficient, and denied the request. Counsel excepted to the ruling of the court, and assigns it as error. There is no merit in the objection. The matter was entirely within the discretion of the court. Counsel for appellant claims that the evidence is insufficient to warrant the verdict.

The complaining witness testified as to various occasions on which the appellant had sexual intercourse with her, commencing in September, 1923, and continuing up to the time her child was born; that on some of these occasions he used force to compel her to submit; and that one of these occasions was on the night of October 20, 1923, in Reno, Washoe County, Nevada. She testified as to the continuance of this conduct while they were on their way to and at the mine near Winnemucca, Nevada, and on their way back to Reno; that he slept in the same bed with her during January and February, 1924, and continued to do so until the child was born. She declared that he was the father of the child. Her brother Henry, a lad of 13 years, who lived with the appellant and the complaining witness in Reno, testified that some time after Christmas and New Years, following their return from the mine near Winnemucca, the father commenced sleeping in the same bed with the daughter; that this was his usual practice until the birth of the child; and that he saw them in bed together every morning for about three months. The cross-examination of these witnesses did not weaken their testimony. The appellant was a witness in his own behalf, and denied the statements of his children as to his sleeping with the daughter. He did not directly deny the act of sexual intercourse charged in the information, but we will assume that he did so indirectly by testifying that he never slept in the same bed with his daughter. The evidence is sufficient to sustain the verdict.

3. It is contended that there is a variance between the proof and the charge, in that the testimony of the state's witnesses shows that the father and daughter

first slept together in January, 1924, whereas the charge in the information is laid in October, 1923. There is no variance in this respect. As previously stated, the daughter testified that her father had carnal knowledge of her on the night of October 20, 1923, the date fixed in the information. Their subsequent intimacy in sleeping together was admissible as showing the intimate relations existing between the parties, which tended to corroborate her testimony as to the specific charge in the information. The weight of modern authority is in accord with this view. People v. Thompson, 212 N. Y. 249, 106 N. E. 78, L. R. A. 1915D, 236, Ann. Cas. 1915D, 162; Penn v. State, 13 Okl. Cr. R. 367, 164 P. 992, L. R. A. 1917E, 668; Sykes v. State, 112 Tenn. 572, 82 S. W. 185, 105 Am. St. Rep. 972; State v. Henderson, 19 Idaho, 524, 114 P. 30; State v. Forsythe, 99 Iowa, 1, 68 N. W. 446; Leedom v. State, 81 Neb. 585, 116 N. W. 496; State v. Keeler, 52 Mont. 205, 156 P. 1080, L. R. A. 1916E, 472, Ann Cas. 1917E, 619; People v. Koller, 142 Cal. 621, 76 P. 500.

4. It is contended that the court erred in allowing testimony as to the pregnancy of the complaining witness and the birth of the child, because neither was alleged in the information. Pregnancy and birth of a child are not elements of the statutory offense charged, and therefore had no place in the information. Both were established facts in this case, but they merely constituted evidence which tended to corroborate the testimony that appellant was guilty of the offense charged. State v. Henderson, supra. As stated in the case just cited, Mr. Underhill, in his work on Criminal Evidence, p. 693, says:

"The birth of a child to the prosecuting witness on such a date as it would occur in the course of nature, assuming that she had had sexual intercourse with the accused at the date mentioned, is always relevant. * * * "

See, also, State v. Blackburn, 136 Iowa, 743, 114 N. W. 531; State v. Blackburn (Iowa), 110 N. W. 275; State v. Miller, 71 Kan. 200, 80 P. 51, 6 Ann. Cas. 58; State v.

Walke, 69 Kan. 183, 76 P. 408; State v. Palmberg, 199 Mo. 233, 97 S. W. 566, 116 Am. St. Rep. 476; Woodruff v. State, 72 Neb. 815, 101 N. W. 1114; State v. Danforth, 73 N. H. 215, 60 A. 839, 111 Am. St. Rep. 600, 6 Ann. Cas. 557; People v. Flaherty, 27 App. Div. 535, 50 N. Y. S. 574; State v. Robinson, 32 Or. 43, 48 P. 357; State v. Neel, 23 Utah, 541, 65 P. 494.

5. Appellant contends that the court committed reversible error in allowing the complaining witness to testify that he was the father of the child. There was no error in this. The evidence was admissible. State v. Miller, 71 Kan. 200, 80 P. 51, 6 Ann. Cas. 58. The birth of a child established an act of sexual intercourse which the complaining witness charged upon the appellant. Her declaration that he was the father of the child was corroborative in its tendency.

6. Mrs. Letha McGregor was sworn as a witness on behalf of the state, and testified that the complaining witness had told her that appellant was the father of the child. This is assigned as error. No proper objection was taken to the question which elicited the testimony. No ground was stated either in the objection or exception, and the objection was conditioned on the event of the answer being unfavorable to appellant. As stated in State v. Mangana, 33 Nev. 511, 112 P. 693, this court has often held that in both civil and criminal cases the particular ground of an objection or exception must be stated. The testimony was not strictly in rebuttal of any evidence introduced by the defense, but, in the absence of a specific objection, we must decline to consider it.

7, 8. Appellant also assigns as error the testimony of Mrs. McGregor to the effect that he was cruel to his children. All of her testimony in this regard, with the exception of an answer to one question, was admitted without objection by the appellant. He cannot be heard to complain of it now. The state's attorney asked the following question of this witness: "Just state what you observed with regard to defendant's treatment of his children." To which the witness answered, "Well,

I have lived some time off and on during all my life in my uncle's house, at one time or another; he has always been extremely cruel to his whole family." Counsel for appellant objected to the question, and took an exception to the ruling of the court. It will be observed that the answer stated an opinion or conclusion of the witness, but no motion was made to strike it for that reason. The question, we think, was a proper one in rebuttal, in view of the testimony of the appellant to the effect that his treatment of his children had not been cruel in character.

9. Error is assigned to the ruling of the court in not allowing the complaining witness to answer a question propounded to her on cross-examination as to what she was doing in Oakland, Calif., when her mother died. The ruling was proper. What the complaining witness was doing in California was wholly immaterial. It is not pointed out by counsel, nor does it otherwise appear how it was proper cross-examination. The court acted entirely within its discretion in disallowing the question.

The action of the court in questioning the boy, Henry Moore, in regard to his qualifications as a witness, and the court's criticism of counsel for appellant when he was conducting his cross-examination of the complaining witness, are assigned as errors. We see nothing improper in the action of the court in either instance, or anything that calls for comment.

It is claimed that the trial court's conduct in questioning the witness Henry in its criticism of counsel for appellant, and in sentencing the appellant to the state prison for not less than 50 years, nor more than life, indicated bias against the appellant. We do not share this view. Moreover, no objection or exceptions were taken to the court's questions or statements.

10. The appellant requested the court to give the following instruction:

"The jury is instructed that before you can convict the defendant of the offense charged in the information you must be satisfied from the evidence beyond a reasonable doubt that the defendant, with the unlawful and

felonious intent to have carnal knowledge of the said Clara Moore, did actually penetrate with his person the private parts of said Clara Moore, and in this connection I instruct you that without actual penetration there can be no carnal knowledge."

11. This proposed instruction was refused by the court on the ground that it was not applicable, and the refusal to give it is assigned as error. There is no evidence in the case requiring such an instruction. The corpus delicti was fully proved. It was sworn to by the complaining witness, and conclusively established by her age and the birth of the child. There being no evidence in the case casting any doubt upon the fact of penetration, the instruction was properly refused. Counsel for appellant contends that the instruction should have been given because appellant's plea to the information raised the issue of penetration. The contention is not tenable. An instruction, to be applicable, must have some basis in the evidence. The rule is correctly stated in 14 R. C. L. pp. 786, 787, as follows:

"The scope of an instruction in a particular case is to be determined, not alone by the pleadings therein, but also by the evidence in support of the issues between the parties, and, even though an issue is raised by the pleadings, it is not proper to give an instruction thereon although it may be abstractly correct, where there is no basis for it in the evidence. The principle upon which this rule is founded is that only such an instruction should be given as is based upon the legitimate evidence in the case."

In criminal as in civil cases the rule is the same. Knight v. State, 114 Ga. 48, 39 S. E. 928, 88 Am. St. Rep. 17; State v. Campbell, 210 Mo. 202, 109 S. W. 706, 14 Ann. Cas. 403; State v. Megorden, 49 Or. 259, 88 P. 306, 14 Ann. Cas. 130; State v. Woodrow, 58 W. Va. 527, 52 S. E. 545, 2 L. R. A. (N. S.) 862, 112 Am. St. Rep. 1001, 6 Ann. Cas. 180; State v. Hartley, 22 Nev. 342, 40 P. 372, 28 L. R. A. 33. In the latter case cited, this court recognized and applied this rule, stating:

"It is a well-understood rule that, if there is no

evidence given tending to establish an alleged fact, no instructions need be given on the matter."

If appellant had introduced any evidence or any had otherwise appeared tending to disprove penetration, the refusal of the instruction requested would have been error, but such is not the case.

12. The giving of the following instruction is assigned as error:

"The court instructs the jury that every person charged with the commission of a crime shall be presumed innocent until the contrary is proved by competent evidence, beyond a reasonable doubt; and, when an offense has been proved against him, and there exists a reasonable doubt as to which of two or more degrees he is guilty, he shall be convicted only of the lowest."

The instruction is an exact copy of section 6277 of the Revised Laws 1912. No question can be made as to the propriety of giving in an instruction in all criminal cases the established principle embodied in the first part of the provision, or in the second part when applicable. The second part was not applicable in this case, for there are no degrees in the crime charged in the information. Appellant contends that its submission to the jury was most likely to mislead or confuse the jury to his prejudice. If there had been a lower degree involved in the crime charged and evidence tending to prove such lower degree, we can readily see how the failure to give an instruction on this point could have prejudiced the appellant. But in this case, where there was no lower degree of which the appellant could be found guilty, it is not rational to believe that the part of the instruction complained of could have worked any injury to the appellant by misleading or confusing the jury. Especially is this true where, as in this case, the instructions of the court taken as a whole made it clear to the jury that the appellant should either be convicted or acquitted of the crime charged in the information. In addition the court submitted to the jury but two forms of verdict, one, "guilty as charged," and the other, "not guilty." Hence the giving of that part of the instruction

inapplicable to this case does not warrant a reversal. See section 619, Cr. Prac. Act (Rev. Laws, sec. 7469).

13. Counsel for appellant set out in his brief a copy of the record of what transpired between the court, counsel, and witness during the cross-examination of the complaining witness concerning her association with another man. The court sustained an objection to a question propounded to the witness for this purpose, and some discussion ensued between the court and counsel for the parties. Thereafter, on suggestion of the district attorney, that on account of the state introducing the element of paternity into the case, the defense was entitled to make any inquiries of the witness along that line that was desired, if such inquiries were confined in time to the period of gestation. The court permitted counsel for the appellant to cross-examine the complaining witness fully as to her associations with the other man during the period stated. The sustaining of the objection was therefore obviated, and we see no merit in appellant's complaint concerning it.

Appellant's assignment of error as to the denial of his motion in arrest of judgment and for a new trial are resolved against him by what we have said in the course of this opinion.

14. The court fixed the term of imprisonment at not less than 50 years, nor more than life. Appellant contends that it was error to fix the minimum at 50 years. We think it was. The punishment prescribed by the statute for the crime charged in the information is imprisonment in the state prison for a term of not less than five years, and which may extend to life. Stats. 1919, p. 439. It is also provided by statute as follows:

"Whenever any person shall be convicted of any felony for which no fixed period of confinement is imposed by law and where a judgment of confinement is rendered, the court shall, in addition to any fine or forfeiture which he may impose, direct that such person be confined in the state prison for an indeterminate term limited only by the minimum and maximum term of imprisonment prescribed by law for the offense of

which such person shall be convicted." Stats. 1921, p. 265.

As no fixed term of imprisonment is provided by law for a person convicted of the crime described in the information, and the minimum having been designated as five years and the maximum for life, the court should have been governed by the statute last quoted relative to an indeterminate sentence and have fixed the minimum of appellant's term for five years. Ex Parte Melosevich, 36 Nev. 67, 133 P. 57.

15. The history and policy of the indeterminate sentence law are set forth in the foregoing case, and need not be restated. In Ex Parte Melosevich, the petitioner had been sentenced by the trial court to a term of not less than two years and not to exceed three years, on conviction of grand larceny, and sought release on that account by habeas corpus. Punishment in such cases is provided by statute at "imprisonment in the state prison for any term not less than one year nor more than fourteen years." This court held that, where the statute fixed a minimum and a maximum sentence the trial court had no discretion to fix a greater minimum or less maximum sentence than that which the statute provided, and that the judgment entered should have been that the defendant be confined in the state prison for a period of not less than one year and not to exceed 14 years. This court, however, read into the judgment the provisions of the indeterminate sentence law, and refused to discharge the prisoner. Its ruling in this regard is sustained by reason and authority. Notwithstanding the trial court erred in fixing the minimum of appellant's term of imprisonment at 50 years instead of five years, he is not entitled to a new trial on that account. The general rule in this regard is thus stated in 8 R. C. L. 237:

"The imposing of an unauthorized sentence does not, in the absence of any other error affecting the trial, necessitate the granting of a new trial, or vacation of the verdict, but is only a ground for reversing the erroneous judgment or sentence, leaving the verdict to stand as a basis for a new and proper sentence."

While this is the general rule, we do not deem it necessary that the case be remanded to the trial court for a proper sentence, but think that this court may modify the sentence to conform to the statute. Section 453 of the criminal practice act provides:

"The appellate court may reverse, affirm, or modify the judgment appealed from, and may, if necessary or proper, order a new trial."

Our authority to modify the sentence in a case of this kind, so as to make it conform to the statute, was expressly recognized in Ex Parte Melosevich. The court said:

"It does not follow, however, that, because the court did not so construe the provisions of the statute, the judgment is void and may be so declared upon collateral attack. Upon suggestion to the trial court, the judgment could have been amended to conform to the law, or upon appeal it would have been so modified."

It is ordered that the judgment of conviction be and the same is hereby affirmed, and that the sentence imposed upon the appellant that he be punished by imprisonment in the state prison of the state of Nevada for the term of not less than 50 years nor more than life be and the same is hereby modified in respect to the minimum of the term to not less than five years.