SHERIFF, CLARK COUNTY, NEVADA, Appellant,
v. DONALD JOSEPH DEARING, Respondent.

No. 7029

June 7, 1973                           510 P.2d 874

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, and *Thomas D. Beatty, III,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Respondent was charged, by indictment, with lewdness with a minor, a felony under NRS 201.230. The district court dismissed the charges in pretrial habeas proceedings, and the State appeals.

The testimony adduced before the grand jury reflects, and the indictment so charges, that respondent's lewdness was to engage in an act of cunnilingus on the 10-year-old prosecuting witness. Such act has been held to be encompassed in the definition of an infamous crime against nature, State v. Townsend,

71 A.2d 517 (Me. 1950), cf. In re Benites, 37 Nev. 145, 140 P. 436 (1914), and is specifically excluded from our *lewdness* statute.[1] We cannot fault the district judge for granting habeas relief. See Martin v. Sheriff, 88 Nev. 303, 496 P.2d 754 (1972). We therefore affirm Judge Babcock's ruling, without prejudice to the State's proceeding under the proper statute.

THOMPSON, C. J., and BATJER and ZENOFF, JJ., concur.

GUNDERSON, J., dissenting:

In my view, if an adult performs an act of cunnilingus on a ten-year-old female child, the felony of lewdness with a minor is committed. NRS 201.230(1). In Justice Mowbray's view, such conduct is not "lewdness with a minor" because, he thinks, cunnilingus is an "infamous crime against nature" whatever the participants' ages may be. With that reasoning, he proposes that we affirm an order granting habeas corpus and dismissing the defendant from custody.

I must emphatically dissent. Even assuming the defendant can be found and re-charged, he will likely escape accountability for his alleged offense, as a direct result of the reasoning employed in Justice Mowbray's opinion. Manifestly, any state action which stigmatizes cunnilingus *as such,* whether by statute or by judicial construction of a statute, is subject to serious question on several federal grounds. Any lawyer must realize the United States Supreme Court is unlikely to agree with Justice Mowbray that a woman may be charged with a felony if she submits to cunnilingus.

What will become of this case, as a result of reading the defendant's alleged conduct out of the "lewdness with a minor" statute, where it belongs, through Justice Mowbray's construction of the "infamous crime against nature" statute?

---

[1] NRS 201.230, subsection 1:
"Any person who shall willfully and lewdly commit any lewd or lascivious act, *other than acts constituting* the crime of rape and *the infamous crime against nature,* upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years." (Emphasis added.)