FRANK BAILEY FIELDS, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 10319

December 21, 1977                    572 P.2d 213

*John P. Fadgen,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Frank Bailey Fields was ordered to stand trial for two counts of sexual assault, felonies under NRS 200.364 and NRS 200.366. A pretrial petition for a writ of habeas corpus contended: (1) the sexual assault statute is unconstitutional; and, (2) the six-year-old victim was incompetent to testify at the preliminary examination. The district court denied habeas, and, in this appeal, Fields reasserts the same contentions.

1. In support of his first contention Fields claims that the definition of "sexual penetration" contained in the sexual assault statute is unconstitutionally vague. We do not agree. NRS 200.364(2) defines that term as "cunnilingus, fellatio or any intrusion, however slight, of any part of a person's body or any object manipulated or inserted by a person into the genital or anal openings of the body of another, including sexual intercourse in its ordinary meaning." This language clearly delineates the proscribed course of conduct for which a perpetrator may be punished and, in our view, comports with due process requirements. *See* Rose v. Locke, 423 U.S. 48 (1975); Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975).

2. Fields' argument that the six-year-old victim was incompetent to testify is also without merit. *See* Mirin v. State, 93 Nev. 57, 59, 560 P.2d 145 (1977), where we wrote: " 'When the competency of any witness has been questioned, it is within the discretion of the [magistrate] to consider factors relative

to qualification and to determine if such person is competent to testify.' "

Here, we perceive no abuse of discretion because the six-year-old was examined by (1) defense counsel; (2) the prosecuting attorney; and, (3) the magistrate. Thereafter, the magistrate determined the young victim "possessed the necessary qualifications to testify truthfully and to relate [his] impressions of the events as they occurred." Shuff v. State, 86 Nev. 736, 738, 476 P.2d 22, 23–24 (1970). Accordingly, we affirm.