BIBIAN BONAFACIO MAES, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 10833

November 10, 1978                                    582 P.2d 793

*Morgan D. Harris,* Public Defender, and *Kirk B. Lenhard,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *James V. Lavelle, III,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Mowbray, J.:

An information, filed March 8, 1978, charged Bibian Bonafacio Maes with sexual assault (NRS 200.364; NRS 200.366) and lewdness with a minor (NRS 201.230). After Maes was arraigned, he challenged the sexual assault charge by filing a pretrial petition for a writ of habeas corpus. Habeas was denied and Maes has appealed.

The claim below, which is reasserted here, was that the charge must fail because the State failed to prove the necessary element of sexual assault in that the record of the preliminary

hearing does not establish "sexual penetration" within the meaning of the statute. We disagree and affirm the order below.

The testimony of the 12-year-old victim, at this stage of the proceedings, stands unchallenged and undisputed. It is to the effect that the defendant, in a men's rest room in an amusement park in Las Vegas, first forced the victim to fondle the defendant's genitals. Then the defendant zipped open the young boy's trousers and "licked" the boy's groin and penis until the defendant reached a sexual climax. Immediately afterwards, the defendant departed the park, and the boy telephoned the police, who later apprehended the defendant. The appellant challenges the sexual assault charge because the record does not expressly show that he put the boy's penis in his mouth, as the State has alleged—only that he "licked" it, in committing the sexual assault.

NRS 200.366(1) defines as guilty of sexual assault "[a] person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself or another. . . ."

The preceding statute, NRS 200.364(2), says: " 'Sexual penetration' means cunnilingus, *fellatio or* any intrusion, however slight, of any part of a person's body or any object manipulated or inserted by a person into the genital or anal openings of the body of another, including sexual intercourse in its ordinary meaning." (Emphasis added.)

Black's Law Dictionary (Rev. 4th ed. 1957), characterizes fellatio as an "offense committed with the male sexual organ and the mouth."

Webster's Third New International Dictionary (Unabridged, 1968) defines the act as "the practice of obtaining sexual satisfaction by oral stimulation of the penis."[1] The record at this juncture supports the finding that this occurred in the instant case. And since the definition of "sexual penetration" as used in NRS 200.364(2), *supra,* is in the disjunctive, including fellatio, the State has met its burden of proving probable cause that a crime has been committed. Therefore, the appellant must answer in district court. NRS 171.206.

BATJER, C. J., and THOMPSON and MANOUKIAN, JJ., concur.

[1]Texas holds that penetration of the mouth is not an essential element of the use of the mouth on the sexual parts of another human being for the purpose of having carnal copulation. Sinclair v. State, 311 S.W.2d 824 (Tex.Crim.App. 1958); McDonald v. State, 513 S.W.2d 44 (Tex.Crim.App. 1974).

A federal court in North Carolina has held that fellatio is "[s]exual stimulation *per os.*" Perkins v. State of North Carolina, 234 F.Supp. 333, 335, n. 4, (W.D.N.C. 1964).

GUNDERSON, J., dissenting:

I respectfully dissent.

Both NRS 200.366(1) and NRS 200.364(2), under which defendant was charged, are directed to forceable *"sexual penetration."* [1] Thus, obviously aware of this, the State charged that defendant had committed "sexual penetration, to-wit: fellatio, by placing the penis of [the victim], against his will, in the mouth of said Defendant." However, although the State totally failed to prove such sexual penetration as alleged, the defendant was bound over for trial on that charge, as well as on the charge of "lewdness with a minor" which, of course, the evidence amply justified.

Whether the acts established would warrant more than one "lewdness" count, and therefore more than one penalty, is not before us. What is before us is this question: Shall this court redefine "sexual penetration" so as to make sexual penetration unnecessary?

As noted, the "sexual penetration" allegedly committed by Maes was fellatio. *See* NRS 200.364(2). "Fellatio" is defined as "[a]n act of sexual perversion in which the penis is introduced into the mouth of another; . . ." *Blakiston's New Gould Medical Dictionary* 441 (2d ed. 1956). Courts have "long recognized the analogy between [acts of] sodomy and rape, . . . and that the principles of law applicable to rape apply to sodomy." Hopper v. State, 302 P.2d 162, 165 (Okl.Cr. 1956). Penetration, however slight, must be shown. People v. Hickok, 216 P.2d 140 (Cal.App. 1950); People v. Angier, 112 P.2d 659 (Cal.App. 1941); *Hopper,* cited above; *see* State v. Alkhowarizmi, 421 P.2d 871 (Ariz. 1966); State v. Shambo, 322 P.2d 657 (Mont. 1958); State v. Charley, 291 P.2d 673 (Wash. 1955); *cf.* People v. Milo, 201 P.2d 556 (Cal.App. 1949); People v. Coleman, 127 P.2d 309 (Cal.App. 1942).[2] "A mere contact of the mouth with the sexual organ of another, either by a 'kissing' or a 'licking,' cannot be construed" as a sexual assault. *Angier,* cited above at 660.

Therefore, because the record shows Maes did not place "the penis of the said [victim] . . . in the mouth of said Defendant," as charged in the information, an element necessary to Count I was not shown by the State. NRS 171.206. Accordingly, the

---

[1] NRS 200.366(1), provides, in pertinent part:

"A person who subjects another person to sexual penetration . . . against the victim's will . . . is guilty of sexual assault." *See also* NRS 201.193 which provides: "Any sexual penetration, however slight, is sufficient to complete the crime against nature."

[2] *See* Fields v. Sheriff, 93 Nev. 640, 572 P.2d 213 (1977), where we rejected a constitutional challenge to the "sexual assault" statute.

district court should have granted appellant's habeas challenge to that charge, allowing the "lewdness" count to proceed to trial. *Cf.* Sheriff v. Dearing, 89 Nev. 255, 510 P.2d 874 (1973).