RICHARD WILMETH, AKA TONY SILVA, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 11349

April 30, 1980                                    610 P.2d 735

[Rehearing denied June 19, 1980]

*Embry & Shaner, Ltd.* and *Robert W. Lueck,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *Gregory C. Diamond,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

This is an appeal from a judgment of conviction for the felony of challenge to fight. NRS 200.450. Appellant was sentenced to a term of ten years in prison, which sentence was suspended, followed by a grant of probation. We recognize three issues as meriting consideration. They are: (1) Whether the challenge to fight statute is void for vagueness; (2) Whether the trial court erred in failing to instruct the jury that appellant was not required to retreat; and (3) Whether the trial court erred in failing to instruct on lesser included offenses. We find no error and affirm.

The indictment stated that appellant "did, upon previous concert and agreement, for the purpose of accepting and complying with a verbal challenge to fight, did therefore meet with one Grover Mack Hicks and did engage in that fight, after which the death of the said Grover Mack Hicks, a human being, did ensue within a year and a day as a result of the use of deadly weapons, to-wit: firearms, during said fight." We need make only limited reference to the evidence presented below in our determination of the questions considered in this appeal.

*1.  The Challenged Statute.*

Appellant contends that our challenge to fight statute is void for vagueness because it fails to define what constitutes a challenge to fight; because it fails to define "previous concert and agreement" in a manner such that a person of ordinary intelligence knows whether he has in fact violated the statute; and,

further, because it fails to distinguish between an aggressor and defender situation.[1] Here, we disagree.

The due process clause of the United States Constitution "does not require impossible standards of specificity in penal statutes. The test of granting sufficient warning as to proscribed conduct will be met if there are well settled and ordinarily understood meanings for the words employed when viewed in the context of the entire statutory provision." Woofter v. O'Donnell, 91 Nev. 756, 762, 542 P.2d 1396, 1400 (1975) (citations omitted). *See* Dinitz v. Christensen, 94 Nev. 230, 577 P.2d 873 (1978); Fields v. Sheriff, 93 Nev. 640, 572 P.2d 213 (1977). It is settled that statutes are clothed with the presumption of validity and the burden is on those attacking them to show their unconstitutionality. Damus v. County of Clark, 93 Nev. 512, 516, 569 P.2d 933, 935 (1977); *see* State *ex rel.* Santini v. Swackhamer, 90 Nev. 153, 521 P.2d 568 (1974); Viale v. Foley, 76 Nev. 149, 350 P.2d 721 (1960). In the context of this case, we believe that the statute provided appellant with sufficient warning of the proscribed behavior. *See* Rose v. Locke, 423 U.S. 48 (1975) (per curiam). The statute proscribes the conveyance or acceptance of a challenge to fight when such a fight or confrontation results. The degrees of punishment depend upon whether the fight involves the use of a deadly weapon or

Appellant further argues that it is unclear when a participant may use self-defense when weapons are used and an agreement to use weapons was not previously reached. Although we can envision innumerable factual situations on which the warnings in the statute might be considered ambiguous, on the instant facts, self-defense is no defense to the violation of this statute.

---

[1]NRS 200.450 provides in part:

1. If any person or persons, *upon previous concert and agreement,* fight one with the other or give or send, or authorize any other person to give or send, a challenge verbally or in writing, to fight any other person, the person or persons giving, sending or accepting a challenge to fight any other person, upon conviction thereof shall be punished:

. . . .

(b) If the fight involves the use of a deadly weapon, by imprisonment in the state prison not less than 1 year nor more than 6 years.

. . . .

3. Should death ensue to any person in such fight, or should any person die from any injuries received in such fight within a year and a day, the person or persons causing or having any agency in causing such death, . . . shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years. (Emphasis added.)

*Cf.* State v. Grimmett, 33 Nev. 531, 112 P. 273 (1910) (defendant acted in self-defense and was not subject to *murder* charge where he did not enter situation voluntarily). Criminal responsibility in the context of this case is predicated upon the issuance or acceptance of a challenge to fight and upon the fact that some fight occur. We find neither unconstitutional vagueness nor legal deficiency in the statute.

## 2. *The Rejected Instruction on Retreat.*

Appellant contends that a person does not have to retreat when threatened with death or great bodily harm and cites State v. Grimmett, 33 Nev. 531, 112 P. 273 (1910). That case is distinguishable, as there, this court stated that it was well established that "where a person, without voluntarily seeking, provoking, inviting, or willingly engaging in a difficulty of his own free will, is attacked by an assailant," he has the right to stand his ground and need not retreat. *Id.* at 534, 112 P. at 273.

Nevertheless, the problematical nature of this issue is heightened by a realization of the fact that the trial court instructed the jury as to a defendant's responsibility when he voluntarily enters into a mutual combat.[2] Additionally, the jury was read a general self-defense instruction which was, in substance, our self-defense statute. NRS 200.200.[3] Appellant argues that the no-retreat rule is consistent with NRS 200.200 and states that he would not have encountered the decedent had he known he

---

[2]Instruction No. 7 reads:

When a defendant voluntarily enters into a mutual combat with the deceased, knowing, or having reason to believe, that it will or probably may result in death or serious bodily injury to himself or to the deceased, the defendant cannot claim that he acted in self-defense in taking the life of the deceased, unless before the fatal shot is fired he in good faith withdrew or attempted to withdraw from the combat, and either by word or act made that fact known to the deceased, and the latter thereafter continued to press him, and gave the defendant reasonable cause to believe that he was in danger of being killed or of receiving great bodily injury at the deceased's hands.

[3]Instruction No. 6 read:

If a person kill another in self-defense, it must appear that:

1.   The danger was so urgent and pressing that, in order to save his own life, or to prevent his receiving great bodily harm, the killing of the other was absolutely necessary, and,

2.   The person killed was the assailant, or that the slayer had really, and in good faith, endeavored to decline any further struggle before the mortal blow was given.

If evidence of self-defense is present, the State must prove beyond a reasonable doubt that the defendant did not act in self-defense. If you find that the State has failed to prove beyond a reasonable doubt that the defendant did not act in self-defense, you must find the defendant not guilty. In other words, if you have a reasonable doubt whether or not the defendant acted in self-defense, your verdict must be not guilty.

was going to be armed.[4] Wilmeth claims that his proposed instruction made the law on retreat clear and that the evidence did not sufficiently prove a mutual combat.

Appellant's rejected instruction stated that a defendant, in a non-mutual combat situation, was not required to retreat if he reasonably believed he was in imminent danger of death. The instruction which was read to the jury said that, for self-defense to be considered, the person killed must have been the assailant *or* the slayer must have endeavored to decline any further struggle. This substantially embodied appellant's proffered instruction for the purposes of this case. As such, it was not error for the trial court to refuse appellant's proffered instruction. Geary v. State, 91 Nev. 784, 793, 544 P.2d 417, 423 (1975). Here, neither the defense of self-defense nor the no-retreat rule was relevant, and the instructions given improperly benefited appellant. He cannot now claim error. *See id.; cf.* Dobbert v. Florida, 432 U.S. 282 (1977) (unsuccessful challenge to death penalty on *ex post facto* theory; new statute mandating bifurcated trial was procedural and, on the whole, ameliorative).

3. *The Rejection of Instruction on Lesser Included Offenses.*

Proposed jury instruction D stated that the jury could find appellant guilty of the lesser included misdemeanor offenses of disturbing the peace, NRS 203.010, and provoking commission of a breach of the peace, NRS 203.030.[5] Appellant contends that refusal of this instruction constituted reversible error. We disagree.

We recognize that the statutory offenses to which appellant directs our attention may, in many situations, qualify as lesser included offenses of NRS 200.450 as "the offense charged cannot be committed without committing the lesser offense."

---

[4]The record places the credibility of this assertion in serious doubt. For months prior to the killing, the participants in this unfortunate affray were on hostile terms, and there was evidence that each had uttered threats to kill the other.

[5]NRS 203.010 provides: "Every person who shall maliciously and willfully disturb the peace or quiet of any neighborhood or person or family by loud or unusual noises, or by tumultuous and offensive conduct, threatening, traducing, quarreling, challenging to fight, or fighting, shall be guilty of a misdemeanor."

NRS 203.030 provides: "Every person who shall by word, sign or gesture willfully provoke or attempt to provoke, another person to commit a breach of the peace shall be guilty of a misdemeanor."

Lisby v. State, 82 Nev. 183, 187, 414 P.2d 592, 594 (1966); *see also* McMichael v. State, 94 Nev. 184, 577 P.2d 398 (1978). Although we have further stated that when there is evidence absolving a defendant "from guilt of the greater offense or degree but would support a . . . lesser offense or degree [, t]he instruction is mandatory, without request," Lisby v. State, 82 Nev. at 187, 414 P.2d at 595, this requirement is not without limitation.

First, in *Lisby,* we relied on State v. Moore, 48 Nev. 405, 233 P. 523 (1925), which relied upon section 6277 of the Revised Laws of 1912. That statute, and *Moore,* said that an instruction on lesser *degrees* of the crime must be given if there was supporting evidence. Here, however, the record fails to support the foundation for any verdict on a lesser degree.[6] Second, it is questionable whether some elements essential to a lesser offense were shown.[7] Lisby v. State, 82 Nev. at 187, 414 P.2d at 595. We find that respondent easily met its burden of proof on the challenge to fight charge and there is insufficient supporting evidence in the record "tending to reduce the greater offense." *Id.* Here, statutory instructions on reasonable doubt were given, as were instructions on the presumption of innocence, and we read the record as unqualifiedly excluding a theory of guilt of either of the proffered lesser offenses. *See* Ogden v. State, 96 Nev. 258, 607 P.2d 576 (1980). We conclude that appellant was not prejudiced in view of the state of the instant record, as all of the instructions made it clear that appellant should either be convicted or acquitted of the crime charged in the information. The trial court committed no error in its refusal to give the instruction. *Cf.* Klepar v. State, 92 Nev. 103, 546 P.2d 231 (1976) (not error to refuse instruction on criminal trespass as a lesser and included offense of burglary).

The remaining claims of error are rejected as being wholly without merit.

We affirm the judgment of conviction.

Mowbray, C. J., and Thompson and Batjer, JJ., concur.

Gunderson, J., dissenting:

In the instant case, evidence strongly indicates: (1) that appellant did not contemplate engaging in armed combat with

---

[6] *See* NRS 175.201. The challenge to fight statute is only divided into degrees according to whether or not a weapon is used or a death occurs.

[7] We note that NRS 203.010 requires that the peace or quiet of any person or neighborhood be disturbed and NRS 203.030 requires that a person commit a breach of the peace, which also seems to require a showing that a person or neighborhood be disturbed. The record does not support a finding of such elements nor was there an attempt to prove them.

the deceased, although appellant admittedly consented to an unarmed physical confrontation; and (2) that later the deceased unexpectedly assaulted appellant with a firearm, thereby commencing an altercation of far different and more dangerous character.

I respectfully submit that, in this context, this court should apply the cardinal principle articulated in Sheriff v. Hanks, 91 Nev. 57, 60, 530 P.2d 1191, 1193 (1975):

> As this court long ago said: "Penal statutes should be so clear as to leave no room for doubt as to the intention of the legislature, and where a reasonable doubt does exist as to whether the person charged with a violation of its provisions is within the statute, that doubt must be resolved in favor of the individual." [Citations omitted.] . . .

I therefore submit that, in regard to any unexpected assault possibly made on appellant—outside and beyond the foreseeable scope of the parties' agreement to fight—the appellant was entitled to have the jury adequately instructed concerning the law of self-defense.

The trial court did not so instruct the jury, which in my view constituted prejudicial error.