# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHNATHAN PEREZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69188

FILED

JUN 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an amended judgment of conviction, pursuant to a jury verdict, of second-degree murder with use of a deadly weapon and discharge of a firearm from or within a structure or vehicle. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

### *FACTS AND PROCEDURAL HISTORY*

Jason Puckett and Dominic Carter contacted appellant Jonathan Perez to buy marijuana. During the course of the sale, Puckett and Carter exited the car that the three men, along with a fourth, had been sitting in so that Puckett could purportedly make a phone call.[1] Puckett began moving around the car, and Perez ultimately drew his firearm and shot Puckett from inside the car. Perez moved to the other side of the car and shot Puckett again before exiting the car and shooting Puckett a third time. Puckett died from his wounds.

---

[1]Puckett's phone records indicated that his phone was in fact switched off prior to the incident.

17-21220

The State charged Perez with murder with use of a deadly weapon, discharge of a firearm from or within a structure, and possession of a firearm by ex-felon.[2] At the end of his trial, Perez pleaded guilty to the possession charge, and the jury found Perez guilty on the remaining two charges. The district court sentenced Perez to an aggregate total of life in prison with the eligibility of parole after 19 years.

## DISCUSSION

*Instructing the jury regarding robbery without evidence to support its elements was erroneous but ultimately harmless.*

Perez argues that because there was insufficient evidence presented at trial to substantiate the elements of robbery, the district court abused its discretion when it instructed the jury as to those elements. The State, however, argues that any error was harmless because the erroneous instruction would have led to a first-degree murder conviction, but the jury convicted Perez of second-degree murder. We agree and conclude that the district court abused its discretion, but the error was harmless.

"The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Zahavi v. State*, 131 Nev., Adv. Op. 7, 343 P.3d 595, 599 (2015) (quoting *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005)). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the

---

[2]The State also initially sought to charge Perez with robbery, but the justice court determined that there was no probable cause to support such a charge.

 

bounds of law or reason." *Id.* (quoting *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001)).

Jury instruction errors are subject to harmless error review. *Nay v. State*, 123 Nev. 326, 333-34, 167 P.3d 430, 435 (2007). An instructional "error is harmless when it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Id.* at 334, 167 P.3d at 435 (internal quotation marks omitted).

"An instruction, to be applicable, must have some basis in the evidence." *State v. Moore*, 48 Nev. 405, 414, 233 P. 523, 525-26 (1925); *see Zahavi*, 131 Nev., Adv. Op 7, 343 P.3d at 599 ("[A] defendant is entitled to a jury instruction on his theory of the case, so long as there is evidence to support it.") (internal quotation marks omitted). The State may generally charge a defendant with felony murder even though it does not also charge the underlying felony. *Holmes v. State*, 114 Nev. 1357, 1364, 972 P.2d 337, 342 (1998). The State may do so because, pursuant to NRS 200.030, the traditional theory (malice aforethought, premeditation, and deliberation) and felony murder theory are merely alternative theories to establish the *mens rea* element of murder. *Id.* at 1363-64, 972 P.2d at 341-42. The State may also do so even when a justice court dismisses the underlying felony charge due to insufficient evidence prior to trial. *Id.* at 1364, 972 P.2d at 342; *but see Nay*, 123 Nev. at 333, 167 P.3d at 435 (holding that the intent to rob a deceased person cannot form after the killing and support a felony murder conviction).

In this case, the State initially charged Perez with robbery, along with the other charges, but the justice court determined that there was not sufficient evidence to support the robbery charge. The only evidence presented at trial was the mere fact that Puckett's phone was not

recovered with his body.[3] There were no facts or evidence presented to support a claim that Perez actually took Puckett's phone or that Perez ever had any intent to take Puckett's phone or other personal property. Accordingly, without sufficient evidence, the district court abused its discretion by instructing the jury as to the elements of robbery.

The error, however, was harmless beyond a reasonable doubt because the jury convicted Perez of only second-degree murder. A murder committed in the course of a robbery is always first-degree murder as a matter of law. NRS 200.030(1)(b). The jury could not have convicted Perez of felony murder committed in the course of a robbery because it found him guilty of only second-degree murder. Accordingly, the instructional error must have been harmless. Therefore, we affirm the district court on this ground.

*The State presented sufficient evidence to support the convictions.*

Perez argues that the State did not present sufficient evidence to establish that he did not act in self-defense because he believes that the evidence supporting his version of events—that Puckett pointed a gun at him causing him to shoot in self-defense—was substantial. Perez's argument lacks merit because even if true, he misapprehends the standard of sufficient evidence.

The State has a constitutional burden to prove each and every element of a crime beyond a reasonable doubt in order to secure a conviction. *See Rose v. State*, 123 Nev. 194, 202-03, 163 P.3d 408, 414 (2007). On appeal, this court determines "whether, after viewing the

---

[3]At trial, the defense's theory of the case was that Puckett was not actually speaking on a phone, but mimicking a conversation as a rouse to sneak around the car in an attempt to attack Perez.

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 202, 163 P.3d at 414 (internal quotation marks omitted). Weighing the evidence and determining witness credibility is a matter for the trier of fact and this court will not reweigh evidence or substitute its judgment for that of the jury. *Id.* at 202-03, 163 P.3d at 414.

"Murder is the unlawful killing of a human being . . . [w]ith malice aforethought, either express or implied . . . ." NRS 200.010(1). "Malice shall be implied when no considerable provocation appears . . . ." NRS 200.020(2). Self-defense negates the unlawfulness element of murder, therefore, the State has the burden of disproving self-defense beyond a reasonable doubt. *St. Pierre v. State*, 96 Nev. 887, 891, 620 P.2d 1240, 1242 (1980).

To meet its burden, the State had to prove all of the elements of either of its murder theories beyond a reasonable doubt.[4] As established above, the jury must have convicted Perez under the traditional theory of murder, which required the State to prove that Perez acted with malice aforethought. The State called Carter to testify that Perez shot an unarmed Puckett three times, including twice well after the initial shot. The State also called investigators who testified that no firearm was found with Puckett's body. Accordingly, the jury heard sufficient evidence to find at least implied malice and to support a conviction of second-degree murder.

---

[4]There is no doubt, and Perez does not dispute, that he used a deadly weapon to kill Puckett.

Although Perez provided evidence, via his own testimony, that Puckett was angry, made suspicious moves around the car, and pointed a firearm at Perez, the jury apparently discredited this evidence in favor of that provided by the State. While it is possible that a reasonable jury might have found that Perez acted in self-defense, the jury instead found that Perez acted unlawfully. The issue is not the weight of Perez's evidence, but whether the State provided enough evidence to convince a reasonable jury that Perez was guilty of murder. We conclude that the State succeeded. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Justice Law Center
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk