IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
HERBERT SCOTT ROGERS,
Respondent.

No. 77245

FILED

SEP 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting in part respondent's pretrial petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

Respondent Herbert Scott Rogers allegedly entered the home of S.O. and committed several crimes. At the grand jury proceedings, the State elicited testimony from S.O. that Rogers pressed his semi-erect penis against her closed mouth. The State charged Rogers via indictment with, among other counts, sexual assault of a victim 60 years of age or older by fellatio. Rogers filed a pretrial petition for a writ of habeas corpus challenging the aforementioned count, and the district court ruled that the State failed to show the requisite sexual penetration and dismissed the count. On appeal, the State argues the district court erred in granting respondent's petition in part. We disagree.

"In reviewing a district court's order granting a pretrial petition for writ of habeas corpus for lack of probable cause, . . . [t]his court will not overturn the district court's order unless the district court committed substantial error." *Sheriff, Clark Cty. v. Burcham*, 124 Nev. 1247, 1257, 198 P.3d 326, 332 (2008). This court must "determine whether all of the evidence received . . . establishes probable cause to believe that an offense has been committed and that the accused committed it." *Kinsey v. Sheriff, Washoe Cty.*, 87 Nev. 361, 363, 487 P.2d 340, 341 (1971); *see also* NRS 172.155(1).

19-38152

The State relies on *Maes v. State* to argue that Rogers' touching of his penis to S.O.'s closed lips constitutes sexual assault by fellatio. 94 Nev. 715, 582 P.2d 793 (1978). In *Maes*, this court held that oral stimulation of the penis constitutes fellatio, despite the absence of oral intrusion. *Id.* at 716, 582 P.2d at 794 (applying the dictionary definition of "fellatio" to the statutory definition of "sexual penetration" under NRS 200.364(2) (1977)). This court distinguished *Maes* in *Lipsitz v. State*, holding that "[a] single touching of the defendant's penis to the victim's closed lips is insufficient to demonstrate oral stimulation of the penis and does not meet the definition of fellatio." 135 Nev. Adv. Op. 17, 442 P.3d 138, 145 (2019).[1] Here, S.O. testified that Rogers' penis touched her closed lips one time. S.O. stated that Rogers unsuccessfully "attempted" and "tried" to initiate fellatio. This testimony does not show oral stimulation under the definition of fellatio; nor does it show an "intrusion" under NRS 200.364(9). Therefore, we conclude that the district court did not substantially err by granting respondent's petition in part. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                              Douglas

---

[1]We note that the parties fully briefed this matter before the publication of *Lipsitz*.

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Tierra Danielle Jones, District Judge
Attorney General/Carson City
Clark County District Attorney
Clark County Public Defender
Eighth District Court Clerk