STATE EX REL. ADAMS, MAYOR, v. ALLEN, CITY CLERK

No. 3077

July 31, 1934.                    34 P. (2d) 1074.

R. S. *Flanary*, City Attorney of Sparks, and *Le Roy F. Pike*, for Relator:

*Gray Mashburn,* Attorney-General, and *W. T. Mathews* and *Julian Thruston,* Deputy Attorneys - General, for Respondent:

## OPINION

*Per Curiam:*

This is an original proceeding in mandamus instituted to compel W. S. Allen, as city clerk of the city of Sparks in said county, to forthwith proceed to publish

a notice of sale of $36,000 of the bonds of said city for the purpose of relieving the unemployment existing therein, and for constructing a drainage system, culverts and bridges, and extending and renovating the sewer system.

It was heard on the issues made by relator's petition and respondent's answer thereto. Thereafter an order was made dismissing the proceedings. The petition shows, inter alia, that the city of Sparks is organized and operating under a special act of the legislature of the State of Nevada, approved March 15, 1905. On the 9th day of October, 1933, the city council, acting under the authority granted by sections 53 and 54 of the charter, adopted a resolution known as resolution No. 174, providing for the issuance of $45,000 worth of municipal bonds. The resolution provides that the bonds shall be of the denomination of $1,000 each, dated January 1, 1934, numbered from 1 to 45, consecutively, and shall be due and payable as follows: Bonds numbered 1 and 2 shall be payable on January 1, 1935; bonds numbered 3 and 4 shall be payable on January 1, 1936; and in like manner until January 1, 1944, two of said bonds in numerical sequence shall be redeemed. On January 1, 1944, three bonds in numerical sequence shall be redeemed, and on January 1, 1949, redemption of three bonds each year shall cease, and from that date on two bonds in numerical sequence shall be redeemed until all of said bonds are redeemed.

The resolution also provides that a special bond election shall be conducted pursuant to the statutes of the State of Nevada 1933, chapter 95 at page 116, and that due notice of said election be given as required by law.

A petition requesting that a special election be held to determine whether or not the bonds proposed in resolution 174 shall issue was filed by a number of taxpayers and residents of the city of Sparks, and thereafter an ordinance providing for a special election was passed and adopted pursuant to which a special bond election was held on November 25, 1933. The result of the election was 422 votes for the bond issue, and 175

votes against the bond issue. Thereafter, the city council enacted city ordinance No. 134, in which it was recited that it was not necessary to issue 45 bonds, and providing for the issuance, advertisement, and sale of 36 bonds of the denomination of $1,000 each. Provision was made in ordinance No. 134 for the bonds to mature, $2,000 on January 1st in each of the years 1937 to 1954, inclusive. Respondent was ordered to publish notice of such sale, which he refused to do. Hence this proceeding.

1. We are of the opinion that the bond issue is invalid, and the respondent therefore justified.in refusing to publish the notice of sale. Our opinion is upon the ground that the bonds initiated by resolution No. 174 and voted are not the same in a substantial particular with the bonds ordered to be noticed for sale. Section 6085, N. C. L., requires that "all such bonds shall be redeemed in equal annual installments." The election was noticed and held pursuant to resolution No. 174, providing redemption in installments in a substantial difference in amounts. It was too late to correct this to conform to the statute, as was attempted to be done by ordinance No. 134. It would be impossible to say to what extent the favorable vote was influenced by the maturities as provided in resolution No. 174 noticed to the voters. It was held in California under facts somewhat similar, that the city council was without authority to issue bonds of the city. City of North Sacramento v. Irwin, 94 Cal App. 652, 271 P. 788, 272 P. 767.

2. Respondent contends that the bond issue fails because the election was not conducted pursuant to said act of 1933 as provided in resolution No. 174, of which due notice was given. Relator insists that this act is unconstitutional in several respects. We may not determine this question, for our conclusion that the bond issue is invalid for the reasons heretofore given is decisive of the case.

It is a settled rule of law that a constitutional question will not be determined unless clearly involved and

a decision thereof necessary to a determination of the case. State v. Meder, 22 Nev. 264, 38 P. 668; State v. Stoddard, 25 Nev. 452, 62 P. 237, 51 L. R. A. 229; Karns v. State Bank & T. Co., 31 Nev. 170, 101 P. 564.

We will state that the city of Sparks and the town of Carlin are not in the same class.

The order of this court previously made and entered dismissing this proceeding is confirmed.