UNION PACIFIC RAILROAD COMPANY, A UTAH CORPORATION, APPELLANT, *v.* JOSEPH HENRY ADAMS, RESPONDENT.

No. 4295

June 5, 1961                                                                 362 P.2d 450

(Petition for rehearing denied June 23, 1961.)

*Deaner, Butler & Adamson* and *Calvin M. Cory,* of Las Vegas, and *Edward C. Renwick, Malcolm Davis* and *M. W. Vorkink,* of Los Angeles, for Appellant.

*G. William Coulthard* and *John Peter Lee* and *Franklin N. Smith,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, C. J.:

This appeal challenges the constitutionality of our statutes fixing the liability of railroads whose engines and cars have killed livestock. Before turning to the statutes in question and to the constitutional issues presented to this court, reference must be made to the pleadings and to the issues as presented to the district court pursuant to agreement and stipulation. By way of prolepsis it may be noted that these differ from the issues presented here on appeal.

The complaint of the plaintiff, respondent in this appeal, contained, as we interpret it, two separate counts. As to both of these counts, he alleged the existence and operation of the defendant railroad, his ownership of five head of cattle specifically described, and their value of $1,250, and the destruction of said cattle by the engine and cars of the railroad, as well as the specific point at which the destruction had occurred. The first count alleging the statutory liability of the railroad is contained in a paragraph reading as follows: "That the place at which plaintiff's animals went upon the railroad and where they were injured and killed by the engine and cars as aforesaid was not at a point where the railroad was enclosed by lawful fence * * *." The railroad's answer specifically admitted this allegation.

The second count alleges that the animals were negligently and carelessly killed while the engine and cars of the defendant were being negligently run and operated, and that the resulting damage of $1,250 for the loss of said cattle was the result of such negligence.

While it is true that these counts are not set up as separate claims or causes of action but are simply contained in separate paragraphs of the complaint, the

railroad did not attack the complaint in any way (except by challenging the constitutionality of the statutes involved). It accepted the pleading as permitted by NRCP Rule 8(e)(2) allowing a party to set forth two or more statements of the claim in one count or separate counts, and did not assert, as permitted by NRCP Rule 12(e), that the complaint was vague or ambiguous, or move for a more definite statement. Accordingly, under Rule 12(h), it waived any such ground of attack. Instead, the railroad admitted the destruction of the cattle on its unfenced railroad, denied negligence, and alleged the contributory negligence of the plaintiff. It counterclaimed for $412.71 damages to its engine and cars as the result of plaintiff's alleged negligence in permitting his livestock to stray upon the right-of-way and tracks of the defendant.

As a further defense the railroad alleged: "Defendant is informed and believes, and upon such information and belief alleges that the plaintiff intends to rely upon the provisions of Sections 705.120, 705.130 and 705.150 of the Nevada Revised Statutes. Defendant alleges that said sections * * * are unconstitutional * * * and deny to the defendant the equal protection of the laws of the State of Nevada, in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States of America."[1]

The parties to the action and to this appeal filed a stipulation agreeing, among other things, as follows: "The appellant contends that the conclusions of law and judgment from which this appeal is taken are erroneous in that sections 705.120 NRS and 705.150 NRS are

---

[1]Defendant also asserted that the statutes in question deprived the defendant of property without due process in violation of Art. 1, sec. 8, of the state constitution, and also violated the provisions of Art. 4, sec. 21, requiring all laws to be general and of uniform operation throughout the state in all cases where a general law can be made applicable. However, as these grounds are discussed incidentally to the main contention of the denial to defendant of the equal protection of the laws, such additional grounds are not discussed in this opinion.

unconstitutional and discriminate against the appellant and deny to the appellant the equal protection of the laws of the State of Nevada contrary to the Fourteenth Amendment of the Constitution of the United States * * *. The respondent on the other hand, contends that said sections of NRS are constitutional, * * *."

In its oral argument before this court on appeal appellant specifically waived its attack upon the constitutionality of section 705.120 NRS and restricted the grounds of its appeal to its contention that section 705.150 is unconstitutional.

The minutes of the trial court show the further stipulation: "Stipulated between counsel that a train belonging to the defendant the Union Pacific Railroad Company did on the 6th day of December, 1957 at a point approximately 4½ miles northeast of Moapa, Nevada at 2:30 a. m. run against, strike and kill five cattle owned by the plaintiff (said cattle being more particularly described in the complaint). Further stipulated that the area where the cattle were killed was unfenced and the cattle were killed on the right-of-way of the defendant railroad company." The trial court found the value of the cattle killed to be $1,250. No evidence was offered by plaintiff of any negligence on the part of the defendant. No evidence was offered on behalf of defendant as to any contributory negligence on the part of the plaintiff.

We turn now to the statutes involved.

Our main statute governing the rights and obligations of railroads is NRS Chapter 705 and comprises sections 705.010 to 705.480. Section 705.120 is entitled: *"Duty of maintaining fences; liability for killing livestock."* It reads as follows:

"1. Railroad corporations must make and maintain a good and sufficient fence on both sides of their track and right-of-way. In case they do not make and maintain such fence, if their engines or cars shall kill or maim any cattle or other domestic animals upon their line of road, they must pay to the owner of such cattle

or other domestic animals a fair market price for the same, unless it occurred through the neglect or fault of the owner of the animal so killed or maimed.

"2. Nothing in this section shall require any railroad company to fence its right-of-way through any town or city."

Sections 705.130 and 705.140 are not involved in this appeal.

Section 705.150 is entitled: *"Liability of railroad for negligent killing, injuring livestock; prima facie evidence of negligence."* It reads as follows: "Every railroad corporation or company, operating any railroad or branch thereof within the limits of this state, which negligently injures or kills any animal of the equine, bovine, ovine or porcine species, or the goat kind, by running any engine or engines, car or cars, over or against any such animal shall be liable to the owner of such animal for the damages sustained by such owner by reason thereof, unless it be shown on the trial of any action instituted for the recovery of such damages as provided in NRS 705.160 that the owner of such animal or animals immediately contributed to such killing or injury; provided:

"1. That the mere straying of such animal or animals upon or along the railroad track or tracks concerned shall not be held upon such trial to be any evidence of contributory negligence on the part of the owner of such animal or animals, nor shall the grazing of the same unattended by a herder be so considered; and

"2. That the killing or injury in such actions shall be prima facie evidence of negligence on the part of such railroad corporation or company."

The trial court's findings of fact were in favor of the plaintiff, respondent herein, on both counts. On the count of liability for livestock killed by the railroad on its unfenced right-of-way the court found: "That on said date, one of the defendant corporation's trains struck and killed said cows [plaintiff's five head of cattle of the total fair market value of $1,250.00] on

an unfenced portion of defendant's railroad right-of-way located outside of any town or city, in said County of Clark."

The court then found, on the second count, that no evidence tending to prove or disprove negligence or contributory negligence on the part of either party was offered but that the plaintiff relied solely on the provisions of subsection 2 of section 705.150 to establish evidence of negligence.

As conclusions of law the court likewise concluded in favor of plaintiff on both counts, (1) that under section 705.120 the defendant was under a duty to make and maintain a good and sufficient fence along its railroad right-of-way, and (2) that under section 705.150 defendant was prima facie guilty of negligence.

(1) We hold that sections 705.120 and 705.150 are separate and distinct from each other. Each of these sections fixes a liability upon the defendant under the particular circumstances of each section. The title of each of the two said sections may well have been inserted by the codifier of the statute, and may perhaps not properly be considered a part of the section. In our opinion, however, it properly and appropriately in each case recites the nature and purpose of the section.

Section 705.120 fixes an absolute liability upon the railroad to the owner of cattle killed on the unfenced right-of-way, irrespective of the presence or absence of negligence on the part of such railroad. Arizona Eastern R.R. Co. v. Matthews, 28 Ariz. 443, 237 P. 384; Saccamonno v. Great Northern Ry. Co., 30 Idaho 513, 166 P. 267; Bernardi v. Northern Pacific Ry. Co., 18 Idaho 76, 108 P. 542, 27 L.R.A. (N.S.) 796.

The rule is expressed in 440 Am.Jur., Railroads, sec. 575, p. 828, as follows:

"§575 The ordinary statute requiring railroad corporations to construct fences along their right of way and cattle guards and gates at crossings imposes upon them, for negligent failure to obey its requirements, a

direct liability for injuring or slaughtering livestock straying upon the tracks in consequence of the absence of barriers required by the statute. Whether or not such statutes provide in terms for the recovery of damages for neglecting to erect and maintain fences, their general effect is to make railroad companies liable for injuries to cattle entering on the track where so unfenced, without regard to any question of negligence or the degree of care used in the management of the train, or to the fact that the cattle are trespassers, and to give a private party whose animals have been killed or injured a right of action for such injuries although the statute does not in terms confer a remedy * * *." This is supported by reference to decisions of the United States Supreme Court and of a majority of the courts of last resort of all the states in the Union, and by annotations in 5 L.R.A. 737; 8 L.R.A. 135; 9 L.R.A. (N.S.) 348; L.R.A. 1915 E 539; 22 Am.St.Rep. 148; 38 Am.St.Rep. 222; 39 Am.St.Rep. 138; 56 Am.St.Rep. 458.

While it is true that the statutes considered in these various cases are not identical and that in some of the statutes a "negligent failure" to obey the requirements for fencing or some other form of negligence is included, many of the statutes considered are identical with our own and the rule seems well established that without any consideration of negligence, destruction of livestock on the railroad's unfenced right-of-way entitles the plaintiff to a recovery.

(2) During the oral argument respondent for the first time raised the effect upon this appeal of NRS 704.020, which reads in part (704.020 (1) (e)) as follows:

"All duties required of and penalties imposed upon any railroad or any officer or agent thereof shall, insofar as the same are applicable, be required of and imposed upon the owner or operator of such automobiles, auto trucks or other self-propelled vehicles transporting persons or property for hire over and along the highways of this state as common carriers, express companies, telegraph and telephone, radio, broadcasting, airship companies, and companies which may own cars of any

kind or character, used and operated as a part of railroad trains in or through this state, and their officers and agents, and the commission shall have the power of supervision and control of all such companies and individuals to the same extent as of railroads."

Appellant argues that because NRS 705.150 is limited in its application to railroads only, it has either been impliedly repealed by NRS 704.020, last above quoted, or, in effect, denies to railroads the protection given to common carriers by motor vehicle against whom negligence would have to be proved in order to establish liability.

NRS 704.020 is a part of Title 58 which includes Chapters 703 to 710, inclusive, a comprehensive act governing all utilities, railroads, and other carriers. The original act creating the railroad commission is found in Chap. 44, Stats. 1907, p. 73. It was amended in 1909, 1911, 1915 and 1917. See Nevada statutes of those years. It was repealed by Chap. 109, Stats. 1919, p. 198. This act was entitled "An Act defining public utilities, providing for the regulation thereof, creating a public service commission, defining its duties and powers, and other matters relating thereto." Under section 7 of that act the term "public utility" was defined as embracing all corporations, companies, individuals, etc., and specifically including all railroads. In Chap. 162, Stats. 1911, p. 322, the legislature passed an act making the railroad commission of Nevada ex officio a public service commission for the regulation and control of certain public utilities. However, section 45 of the act defining public utilities, Chap. 109, Stats. 1919, p. 198, specifically repealed not only the act of 1907 creating the railroad commission but likewise the act of 1911 making it ex officio a public service commission. In short, all of the functions and duties formerly resting in the railroad commission are now contained in the act creating the public service commission. Numerous sections of that act provide in detail for the complete transfer of these duties and functions. Section 704.020

is, in our opinion, one of such sections showing such complete turnover of power. It bears no relevancy to the asserted denial to railroads of the equal protection of the laws.

(3) We have emphasized in this opinion the fact that appellant withdrew all claim that section 705.120 is unconstitutional. This being so, under the pleadings, admissions, stipulations, and agreements of the parties, respondent is entitled to an affirmance of his judgment by reason of the destruction of his livestock by the engines and cars of the railroad on its unfenced right-of-way. There is no occasion, then, for this court to pass upon the issue raised by the appellant to the effect that the provisions of 705.150 are violative of constitutional provisions. Such consideration is entirely unnecessary to the determination of this appeal. Rescue Army v. Municipal Court of Los Angeles, 331 U.S. 549, 568–575, 67 S.Ct. 1409, 91 L.Ed. 1666; State v. Plunkett, 62 Nev. 265, 149 P.2d 101; State ex rel. Whalen v. Welliver, 60 Nev. 160, 104 P.2d 1016 (On Petition for Rehearing); State ex rel. Adams v. Allen, 55 Nev. 346, 34 P.2d 1074.

Affirmed with costs.

PIKE and MCNAMEE, JJ., concur.