ROY CRAIG JONES, Jr., Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5684

June 30, 1969                                    456 P.2d 429

*James D. Santini,* Public Defender, and *H. Leon Simon,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Addeliar D. Guy,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from conviction of the infamous crime against nature contending that the statute upon which the charge was brought is unconstitutional. We disagree, and affirm the conviction.

Appellant was convicted of the infamous crime against nature against a 12 year old victim. Evidence showed he forced the victim to accept appellant's penis into his mouth. Appellant was sentenced to not less than 15 years in the penitentiary.

Appellant contends NRS 201.190 is unconstitutional under the doctrine of Griswold v. Connecticut, 381 U.S. 479 (1965), because it contains no exception for consensual relations

between spouses or other consenting adults and thus constitutes an invasion of privacy.

Respondent contends appellant has no standing to attack the constitutionality of the statute because he is neither a consenting spouse nor one of two consenting adults.

The issue for our decision is this: Is NRS 201.190 unconstitutional as applied to appellant?

NRS 201.190, as amended in 1967, provides as follows:

"201.190 CRIME AGAINST NATURE: PUNISHMENT; LIMITATIONS ON PAROLE, PROBATION.

"1. Except as provided in subsection 2, every person of full age who commits the infamous crime against nature shall be punished:

"(a) Where physical force or the immediate threat of such force is used by the defendant to compel another person to participate in such offense, or where such offense is committed upon the person of one who is under the age of 18 years, by imprisonment in the state prison for life with possibility of parole, eligibility for which begins, unless further restricted by subsection 3, when a minimum of 5 years has been served.

"(b) Otherwise, by imprisonment in the state prison for not less than 1 year nor more than 6 years.

"2. No person who is compelled by another, through physical force or the immediate threat of such force, to participate in the infamous crime against nature is thereby guilty of any public offense.

"3. No person convicted of violating the provisions of subsection 1 of this section may, if the victim was a child under the age of 14 years, be:

"(a) Paroled unless a board consisting of the superintendent of the Nevada state hospital, the warden of the Nevada state prison and a physician authorized to practice medicine in Nevada who is also a qualified psychiatrist certifies that such person was under observation while confined in the state prison and is not a menace to the health, safety or morals of others.

"(b) Released on probation unless a psychiatrist licensed to practice medicine in the State of Nevada certifies that such person is not a menace to the health, safety and morals of others."

The constitutionality of that statute, prior to its amendment in 1967, was recently upheld by this court against a challenge that it was unconstitutionally vague and indefinite in Hogan v.

State, 84 Nev. 372, 441 P.2d 620 (1968). Nothing in the 1967 amendment to that statute vitiates our holding in Hogan.

In Griswold, supra, the United States Supreme Court considered a Connecticut statute making it a crime for any person to use any drug or article to prevent conception. The defendants were the Executive Director of the Planned Parenthood League of Connecticut, and its medical director, a licensed physician, and they were prosecuted as accessories for giving married persons information and medical advice on how to prevent conception and prescribing a contraceptive device for the wife's use. The court held that the marital relationship was ". . . within the zone of privacy created by several fundamental constitutional guarantees" and that the idea of allowing ". . . the police to search the sacred precincts of marital bedrooms for telltale signs of the use of contraceptives" was "repulsive to the notions of privacy surrounding the marriage relationship."

Nothing in that decision aids appellant. Whether NRS 201.190 could constitutionally be applied to consenting spouses (see Cotner v. Henry, 394 F.2d 873 (7th Cir. 1968)), consenting unmarried adult couples, or consenting male adults (see People v. Roberts, 64 Cal.Rptr. 70 (Ct.App. 1967)), are not questions confronting us in this appeal.

There can be no serious contention made by appellant that he enjoyed any similar relationship of privacy to those described above with his 12 year old victim. He falls squarely within the prohibition of NRS 201.190. We will not decide the constitutionality of a statute based upon a supposed or hypothetical case which might arise thereunder. Magee v. Whitacre, 60 Nev. 202, 208, 106 P.2d 751 (1940). In Pershing County v. Humboldt County, 43 Nev. 78, 181 P. 960 (1919), this court stated: "The rule is well established that one who is not prejudiced by the enforcement of an act of the legislature cannot question its constitutionality or obtain a decision as to its invalidity, on the ground that it impairs the rights of others."

Assuming, but certainly not conceding or deciding that the statute might be unconstitutional in part to consenting spouses or adults, that does not render it unconstitutional to appellant. Long ago this court held, in State v. Westerfield, 23 Nev. 468, 49 P. 119 (1897), that, "Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are

connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning, that it cannot be presumed the legislature would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand, though the last may fall. . . . If the law be passed by the legislature, constitutional in part, but unconstitutional as to some of its provisions, that which is constitutional will be sustained, unless the whole scope and object of the law is defeated by rejecting the objectionable features."

The statute as applied to appellant is constitutional. The conviction is affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.