KENNETH GENE YEOMAN, Appellant v.
THE STATE OF NEVADA, Respondent.

No. 8270

STEVEN ROBERT SIMPSON, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 8334

June 17, 1976                    550 P.2d 1273

*Morgan D. Harris,* Public Defender, and *Stephen L. Huff-aker,* Deputy Public Defender, Clark County, for Appellant Yeoman.

*Monte J. Morris,* of Las Vegas, for Appellant Simpson.

*Robert List,* Attorney General, and *George E. Holt,* District Attorney, Clark County, for Respondent State.

## OPINION

*Per Curiam:*

Appellants, Kenneth Yeoman and Steven Simpson, stand convicted of second degree kidnapping, robbery with the use of a deadly weapon and battery. In this appeal they contend their convictions rest upon evidence illegally seized in violation of their Fourth Amendment rights. We disagree.

An Idaho sheriff found Yeoman and Simpson asleep in the back of their station wagon. They were promptly arrested for violation of the Idaho Youth Rehabilitation Act; and, their vehicle was impounded.

At the sheriff's office a detective observed a military duffel bag in the rear of the station wagon with the name "Martinez" boldly stenciled thereon. Martinez's military records were obtained from the bag; and, upon checking these records, the sheriff's office learned that two men matching appellants' description were wanted in Nevada for charges stemming from the knife-point kidnapping and robbery of one John Martinez.

Upon returning to the vehicle, the Idaho sheriff seized a knife from the dashboard. Following advisement and waiver of their "Miranda" rights, appellants admitted the knife was used in the Nevada crimes.

At trial, appellants were identified by both the victim and other witnesses to the crime. The knife and appellants' inculpatory statements were also admitted.

The thrust of appellants' contention is that the knife and military records were illegally seized, and all evidence resulting from their seizure should have been excluded.

The State argues that the seized evidence resulted from a valid inventory search. Certainly, upon impound of a vehicle the police are justified in conducting an inventory. Shepp v. State, 87 Nev. 179, 484 P.2d 563 (1971). Based on the testimony of the Idaho officers some question exists whether the seizure of this evidence was pursuant to a valid inventory. However, we need not determine whether the seizure was a valid inventory search since: (1) the knife was in plain view; and, (2) the evidence obtained from the military records could also have been obtained from an investigation of the name "Martinez" in plain view on the duffel bag.

1. The officers' initial intrusion into the vehicle was legitimate. The seizure of evidence falling into plain view was lawful. Ennis v. State, 91 Nev. 530, 539 P.2d 114 (1975). Therefore, the knife was properly admitted.

2. "The courts have held that evidence obtained as a result of information derived from an unlawful search or other illegal police conduct is not inadmissible under the fruit of the poisonous tree doctrine where the normal course of police investigation would, in any case, even absent the illicit conduct, have inevitably led to such evidence." People v. Fitzpatrick, 300 N.E.2d 139, 141 (N.Y. 1973). The name "Martinez" appeared clearly and freshly stenciled on the duffel bag. The arresting officer knew this name had no relation to appellants. Even were we to assume the initial intrusion invalid, had the officer investigated from the name alone, he would have obtained the same information that an investigation of the military records provided. The search of the bag merely accelerated discovery of the "Martinez" crime and appellants' involvement. See also: United States v. Seohlein, 423 F.2d 1051 (4th Cir. 1970), cert. den. 399 U.S. 913 (1970).

Affirmed.