## LESLIE R. CLOUGH, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 8755

October 28, 1976                    555 P.2d 840

*Horace R. Goff*, Public Defender, Carson City, for Appellant.

*Richard A. Wagner*, District Attorney, Pershing County, for Respondent.

## OPINION

*Per Curiam:*

Convicted by jury for the unauthorized signing of a credit card, NRS 205.750, appellant here contends the district court erred by admitting into evidence a credit card obtained pursuant to an illegal search. We disagree.

On August 24, 1975, a police officer observed a vehicle weaving across the highway. Suspecting the driver to be intoxicated, the officer stopped the vehicle and asked the driver, appellant, for his identification. Appellant responded that he had none. Four hitchhikers were traveling in the vehicle with appellant. Since appellant and his vehicle were being taken into custody, the police released the hitchhikers to continue their travels. Upon release, one hitchhiker indicated that he desired to retrieve his map from the car's jockey box. When the hitchhiker procured his map, the officer observed two wallets in the jockey box, one having a credit card in plain view. The officer inquired whether the wallets belonged to the hitchhikers, and, when each indicated they had their wallets, the officer took the two wallets into custody. Subsequently, the police obtained verbal identification from appellant, and, since the identification differed from that contained in both wallets, the police commenced an investigation which resulted in the present charge and conviction.

At appellant's trial and over his objection, the credit card was introduced into evidence. Appellant argues this was error because the police obtained the card pursuant to an illegal search. However, the district court found, as a matter of fact, that there was no search of the vehicle, only a seizure of the credit card and wallets. After reviewing the record, we agree. See: Fagundes v. United States, 340 F.2d 673 (1st Cir. 1965).

Even assuming arguendo that an illegal search did occur, the credit card would still be admissible. We have held that " 'evidence obtained as a result of information derived from an unlawful search or other illegal police conduct is not inadmissible : . . where the normal course of police investigation

would, in any case, even absent the illicit conduct, have inevitably led to such evidence.' " Yeoman v. State, 92 Nev. 368, 369, 550 P.2d 1273, 1274 (1976). Here, the police had arranged to tow appellant's vehicle and would have been justified in conducting an inventory. See: Heffley v. State, 83 Nev. 100, 423 P.2d 666 (1967); Plitko v. State, 272 A.2d 669 (Md.App. 1971). During this inventory, the police would inevitably have found the credit card and wallets which were in plain view. Under these circumstances, we believe the police conduct was reasonable.

Other issues raised by appellant are without merit, and we need not consider them.

Affirmed.