DAVID KENDRIC SPEARS, Appellant, v. FRANCES BIRD SPEARS, Respondent.

No. 9981

June 14, 1979                                   596 P.2d 210

*Sinai, Ohlson & Schroeder,* Reno, for Appellant.

*LeRoy Arrascada,* Reno, for Respondent.

---

## OPINION

*Per Curiam:*

David Kendric Spears, who lost his motion to reduce his alimony payments, has appealed, challenging the constitutionality of Nevada's alimony statute NRS 125.150(1).[1]

David and respondent, Frances Bird Spears, were divorced on December 16, 1975. David filed on April 15, 1976, the instant motion to modify the divorce decree by reducing his alimony payments from $900 per month to $450 per month. He predicated his motion upon a change in the parties' circumstances, namely, that David's expenses had increased, while his income had decreased, and that Frances' living expenses had likewise decreased.

On September 7, 1976, David filed a trial statement wherein

---

[1]NRS 125.150(1) provides:

In granting a divorce, the court may award such alimony to the wife, or to the husband if he is disabled or unable to provide for himself, in a specified principal sum or as specified periodic payments, and shall make such disposition of the community property of the parties, as appears just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children.

he, for the first time, contended that NRS 125.150(1) was unconstitutional. No transcript of the evidentiary hearing is contained in the record submitted on this appeal. The court below ruled that David had no standing to raise the constitutional issue. The court also found that there had not been a showing of changed circumstances sufficient to justify a reduction of the alimony award.

David, on appeal, challenges only that part of the decision dealing with the issue of the constitutionality of NRS 125.150(1).

This court will not consider constitutional issues which are not necessary to the determination of an appeal. Union Pacific R.R. Co. v. Adams, 77 Nev. 282, 362 P.2d 450 (1961). Appellant is entitled only to a decision on issues properly raised by the facts presented in this case. "We are not authorized to enter into a determination of the constitutionality of [a] statute on a supposed or hypothetical case which might arise thereunder." Magee v. Whitacre, 60 Nev. 202, 212, 106 P.2d 751, 752 (1940). The rule is well established that one who is not prejudiced by the operation of a statute cannot question its validity. Jones v. State, 85 Nev. 411, 456 P.2d 429 (1969).

In the case at hand, David sought only the reduction of his alimony payments to Frances. Although he contended, in his trial statement, that the constitutionality of NRS 125.150(1) was at issue, the record does not show that he moved for relief from such obligation as required by NRCP 7(b)(1). *Cf.* Noble v. Noble, 86 Nev. 459, 470 P.2d 430 (1970).

Furthermore, David's challenge to the constitutionality of the alimony statute is based solely on its provision that a husband may qualify for alimony if he is "disabled or unable to provide for himself", while no such qualification is required of a wife. David relies on Orr v. Orr, 440 U.S 268, 47 U.S.L.W., 4224 (March 5, 1979), which recently granted standing to a husband to challenge the constitutionality of an Alabama alimony statute, even though he, like David, did not seek alimony for himself. Alabama's statute, however, unlike Nevada's, made *no* provision for granting alimony to husbands. In *Orr,* the court's only recourse, upon the determination that the differential treatment of husbands and wives was unconstitutional, was to strike the alimony statute in its entirety.

We are not faced with the necessity of such a draconian solution, for if a law is "constitutional in part, but unconstitutional as to some of its provisions, that which is constitutional will be sustained, unless the whole scope and object of the law is defeated by rejecting the objectionable features." Jones v. State, *supra,* 85 Nev. at 415, 456 P.2d at 431, quoting State v. Westerfield, 23 Nev. 468, 49 P. 119 (1897). *See also* Saraceno v. Saraceno, 341 N.E.2d 261 (Mass. 1976). Therefore, even if the challenged portion of the statute were unconstitutional, such a determination would be of no avail to David.

Accordingly, we affirm.