ROBERT CHARLES SHUM, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 11177

January 20, 1981                                    621 P.2d 1114

---

[2]The Governor commissioned The Honorable Llewellyn A. Young, District Judge, to sit in this case in place of JUSTICE GORDON THOMPSON. Nev. Const. art. 6, § 19; SCR 10.

*Norman Y. Herring,* State Public Defender, and *J. Gregory Damm,* Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *George G. Holden,* District Attorney and *Hy Forgeron,* Deputy District Attorney, Lander County, for Respondent.

## OPINION

*Per Curiam:*

Robert Charles Shum was charged with several felony counts of possession of a controlled substance. Before trial Shum filed a motion to suppress certain evidence, arguing that the evidence was seized in violation of his Fourth Amendment rights. The district judge denied the motion to suppress and Shum was thereafter convicted of two of the counts. Whether the denial of the motion to suppress was error is the only issue raised in this appeal.

At approximately 2:30 a.m. on February 4, 1978, a Lander County Deputy Sheriff observed an unoccupied automobile parked in the emergency lane on Interstate 80 near Battle Mountain. The deputy parked his patrol car behind the vehicle

and called the license number into the dispatcher in order to learn the identity of the owner. Although the vehicle had local license plates, the dispatcher was unable to determine its ownership because the license was not "on file".

The deputy then approached the car and shined his flashlight into the interior. He tried to open the door on the driver's side, but it was locked. The door on the other side, however, was unlocked, and the deputy entered the car in search of the registration certificate. He found the certificate, which listed Shum as the owner, in the glove compartment. After replacing the certificate and while he was still inside the car, the deputy discovered, with his flashlight, a bag on the floor of the car. Marijuana was spilling out of the bag.

After discovering the marijuana, the deputy left Shum's vehicle on the side of the road, backed his patrol car into the brush where it was concealed from view and waited for Shum to return. The deputy made no arrangements to have Shum's vehicle removed. A short time later Shum returned to his car, which had run out of gas, and began to re-fill it. At this time the deputy arrested Shum and seized the controlled substances.

In his motion to suppress Shum argued that the evidence upon which his conviction was based was seized in violation of the warrant requirements of the Fourth Amendment. The district judge, however, held (1) that the evidence was observed in plain view by the deputy when he was lawfully inside Shum's vehicle and therefore was properly subject to seizure and (2) that the car was a traffic hazard, could therefore have been impounded, and during the resulting lawful inventory search the evidence would inevitably have been found in plain view. *See* Clough v. State, 92 Nev. 603, 555 P.2d 840 (1976).

The sole justification of the deputy's intrusion into Shum's vehicle was allegedly the need to determine ownership so the owner could be contacted and requested to remove the car before its presence on the side of the road caused an accident. We do not question the general authority of police officers to remove and impound an abandoned vehicle which obstructs or poses a danger to traffic. *See* NRS 484.397. The Supreme Court recognized this authority in South Dakota v. Opperman, 428 U.S. 364 (1976).

However, under the facts of this case, we can find no justification for the deputy's entrance into Shum's vehicle. The car had not been involved in an accident and was not obstructing the traveled portion of the highway. Nor does the state argue that the car was parked illegally. Moreover, the deputy's decision to leave the car on the roadside while he awaited Shum's return belies the contention that the presence of the car there was a hazard.

If the car truly were a hazard, the deputy's duty was to have it impounded immediately. Without such justification, the deputy had no right to enter the car, and his discovery of the controlled substances cannot be justified under the "plain view" exception to the Fourth Amendment warrant requirement. *See* Lorenzana v. Superior Court of Los Angeles County, 511 P.2d 33 (Cal. 1973); *compare* Woerner v. State, 85 Nev. 281, 453 P.2d 1004 (1969).

Nor can the seizure of the controlled substances be justified under Clough v. State, *supra*. No arrangements had been made to tow the vehicle, nor did there exist any basis for impounding the vehicle. Thus, the evidence would not have inevitably been discovered in plain view during a subsequent lawful inventory search.

For the reasons stated above, the evidence seized from Shum's vehicle should not have been admitted at the trial. Mapp v. Ohio, 367 U.S. 643 (1961). Under the facts of this case the improper admission of the evidence was reversible error. Chapman v. California, 386 U.S. 18 (1967). Accordingly, the order denying the motion to suppress and the judgment of conviction are reversed and the matter is remanded to the district court for further proceedings, consistent with this opinion.