KENNETH WAYNE CARLISLE, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12753

March 29, 1982                                    642 P.2d 596

*Morgan D. Harris,* Public Defender, and *Victor John Austin,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant of sexual assault with the use of a deadly weapon (three counts), possession of a short-barreled shotgun, possession of a controlled substance, and coercion. On appeal, appellant makes numerous assignments of error, only two of which we deem worthy of discussion.

Appellant's conviction was based primarily upon the testimony of the victims, three teenage girls, who had been hitchhiking from Pennsylvania to Los Angeles. On September 8, 1979, appellant picked up the girls near Denver, Colorado, and offered them a ride to Los Angeles. The next day, near Jean, Nevada, appellant drove his van off the highway and into the desert. Thereafter, he pointed a shotgun at the girls and ordered them to undress. Being frightened, the girls complied. Appellant then proceeded to sexually assault all three girls. At one point, appellant ordered one of the girls to hold her friend's leg down to enable him to secure penetration. Following the assault, appellant left the girls in the desert.

Sometime later, an ambulance driver, returning from an accident, observed the girls walking along the roadside. He stopped and offered to help them. The girls told him of their experience, described appellant and his van, and stated that the van contained a shotgun and some explosives. The driver relayed this information to the police. Soon thereafter, the police stopped the van and arrested appellant. An officer searched the van, discovering a sawed-off shotgun, some firecrackers, and a bag containing marijuana.

Appellant first contends that the district court erred by denying his motion to suppress the sawed-off shotgun and marijuana which the police had removed from appellant's van. Even assuming, *arguendo,* that the warrantless search of appellant's van was illegal, the physical evidence recovered would still be admissible. We have held that evidence obtained as a

result of information derived from an unlawful search or other illegal police conduct is not inadmissible where the normal course of police investigation would, in any case, even absent the illicit conduct, have inevitably led to such evidence. Clough v. State, 92 Nev. 603, 555 P.2d 840 (1976); Yeoman v. State, 92 Nev. 368, 550 P.2d 1273 (1976); *see also* Shum v. State, 97 Nev. 15, 621 P.2d 1114 (1981). Here, the police had arranged to tow appellant's vehicle and would have been justified in conducting an inventory. During this inventory, the police inevitably would have found the shotgun and marijuana. The district court did not err in denying the motion to suppress.[1]

Appellant next contends that the coercion statute under which he was convicted is vague and overbroad. NRS 207.190 provides in pertinent part:

> 1. It is unlawful for any person, with intent to compel another to do or abstain from doing an act which such other person has a right to do or abstain from doing, to:
>
> . . .
>
> (c) Attempt to intimidate such person by threats or force.

Appellant's conviction of coercion was based on the fact that he forced one victim to aid him by holding the leg of another victim while he raped the other victim.

In Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975), this court outlined the test for vagueness as follows:

> The doctrine that a statute is void for vagueness is predicated upon its repugnancy to the due process clause of the Fourteenth Amendment to the United States Constitution. The Constitution does not require impossible standards of specificity in penal statutes. The test of granting sufficient warning as to proscribed conduct will be met if there are well settled and ordinarily understood meanings for the words employed when viewed in the context of the entire statutory provision. [Citations omitted.]

*Id.* at 762, 542 P.2d at 1400. *See also* Wilmeth v. State, 96 Nev. 403, 610 P.2d 735 (1980); Fields v. Sheriff, 93 Nev. 640, 572 P.2d 213 (1977). Under this test, we are satisfied that the words

---

[1] In addition to the doctrine of inevitable discovery, the district court also relied on protection of public safety, *see* Cady v. Dombrowski, 413 U.S. 433 (1973), and search incident to lawful arrest, *see* Chimel v. California, 395 U.S. 752 (1969), as grounds for denying the motion. Because we conclude that the ruling was justifiable on the basis of inevitable discovery, we need not rule on the other grounds.

used in NRS 207.190(1)(c) adequately define a proscribed course of conduct for which a perpetrator may be punished. *See* Rose v. Locke, 423 U.S. 48 (1975).

Appellant's overbreadth argument is equally without merit. In challenging the statute as overbroad, appellant invents four hypothetical situations in which he contends the statute could be applied to proscribe constitutionally protected behavior. However, this court will not decide the constitutionality of a statute based upon a supposed or hypothetical case which might arise thereunder. Jones v. State, 85 Nev. 411, 456 P.2d 429 (1969). Appellant's conduct falls squarely within the prohibition of NRS 207.190(1)(c).

We have considered the other contentions raised by appellant and find them to be without merit.

Affirmed.