140 Nev., Advance Opinion 77

IN THE SUPREME COURT OF THE STATE OF NEVADA

CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES; AND CLARK
COUNTY DISTRICT ATTORNEY'S
OFFICE,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARGARET E. PICKARD, DISTRICT
JUDGE,
Respondents,
    and
N.R.R. AND N.I.R., MINORS,
Real Parties in Interest.

No. 88007



FILED

DEC 05 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging a district court order directing payment of rental assistance in a child protection matter under NRS Chapter 432B.

*Petition granted.*

Steven B. Wolfson, District Attorney, and Stephanie Richter, Chief Deputy District Attorney, Clark County,
for Petitioners.

Ocampo Wiseman Law and Timothy A. Wiseman, Las Vegas,
for Real Parties in Interest.

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

## *OPINION*

By the Court, STIGLICH, J.:

During a proceeding under NRS Chapter 432B, the district court ordered the Clark County Department of Family Services (DFS) to provide financial rental assistance to the subject children's foster parent. Petitioners, DFS and the Clark County District Attorney's Office, argue that the district court lacked authority to enter such an order and have petitioned this court for a writ of mandamus or prohibition, seeking to have the order vacated. We conclude that the district court lacked statutory authority to order DFS to pay rental assistance to a foster parent. Moreover, the agency has broad statutory authority to decide how to spend the budget appropriated to it. The district court thus acted arbitrarily and capriciously in purporting to exercise an authority it did not have and in interfering with the agency's management of its budget. Accordingly, we grant the petition for a writ of mandamus and direct the district court to vacate its order directing DFS to pay rental assistance to the foster parent.

## *FACTS*

DFS removed minor real parties in interest N.I.R. and N.R.R. (collectively, the children) from their parents' care based on substantiated findings of physical risk relating to ongoing domestic violence between their parents. DFS placed them with their paternal aunt, who lived with their paternal grandmother. DFS assisted the aunt with rental payments for two months until she became a licensed foster parent, at which point the aunt began receiving foster care subsidies.

The children's attorney asked DFS for additional rental assistance for the aunt. DFS declined, explaining that "the department does not help with rental deposits." The children's attorney replied that she wanted "to try to get as much resolved as possible (including financial assistance) before" a district court hearing. The parties, however, did not discuss the matter further until the aunt requested DFS's financial assistance during a hearing on a motion to terminate parental rights. After learning that DFS paid the aunt's rent for two months, the district court ordered DFS to pay an additional $1,000 toward the aunt's rent.[1] After the district court issued its order, DFS sought reconsideration, which the district court denied after an evidentiary hearing. Petitioners now seek writ relief.

## DISCUSSION

*We elect to entertain the writ petition*

DFS seeks a writ of mandamus or prohibition and requests that this court direct the district court to vacate its order directing DFS to pay $1,000 for the foster parent's rent. DFS argues that no adequate legal remedy is available, and the children do not contest this argument. We agree with DFS.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Jud. Dist. Ct.*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnote omitted) (citing NRS 34.160). When a court has

---

[1]The expense is alternately referred to below as rental assistance and relocation costs. We observe no material distinction between these phrases and refer to the order as directing payment of rental assistance.



discretion, traditional mandamus against it will lie only where it "has *manifestly* abused that discretion or acted arbitrarily or capriciously," that is, "only where the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will." *Walker v. Second Jud. Dist. Ct.*, 136 Nev. 678, 680-81, 476 P.3d 1194, 1196-97 (2020) (internal quotation marks omitted). A writ of prohibition bars a district court from acting outside of or in excess of its jurisdiction. *Aspen Fin. Servs., Inc. v. Eighth Jud. Dist. Ct.*, 128 Nev. 635, 639, 289 P.3d 201, 204 (2012) (citing NRS 34.320). Writ relief requires that a petitioner have no other speedy and adequate legal remedy. NRS 34.170; NRS 34.330. Whether "to entertain a writ petition lies within our discretion." *Aspen*, 128 Nev. at 639, 289 P.3d at 204 (internal quotation marks omitted).

"The right to appeal is statutory, and where no statute or rule authorizes an appeal, no right to appeal exists." *In re Temp. Custody of Five Minor Child.*, 105 Nev. 441, 443, 777 P.2d 901, 902 (1989); *cf. Walker*, 136 Nev. at 681, 476 P.3d at 1197 (recognizing that the right to appeal generally constitutes an adequate remedy). The order was not final in that it did not resolve all the issues presented in the termination case. *See* NRAP 3A(b)(1) (providing that an appeal may be taken from a final judgment in a civil action); *In re Guardianship of Rubin*, 137 Nev. 288, 291, 491 P.3d 1, 4 (2021) (explaining that a final order disposes of all issues in a case and distinguishing final and interlocutory orders). And no statute or court rule otherwise authorizes the appeal of such an order. Given that DFS has no available appellate remedy, we elect to entertain this writ petition.

*Mandamus relief is warranted*

DFS argues that the district court lacked statutory authorization to order it to pay rental assistance. While the district court's original order directing payment did not identify any statutes so empowering the court, the court relied on NRS 432B.550(1) in its order denying reconsideration. The children argue that this reliance was not misplaced and that district courts have broad authority to review and direct DFS action, specifically highlighting NRS 432B.550 and NRS 432B.590(7). We agree with DFS that the district court was not statutorily authorized to enter the order challenged here.

We review matters of statutory construction de novo. *Rubin*, 137 Nev. at 291, 491 P.3d at 4-5. "Our goal in interpreting statutes is to effectuate the Legislature's intent." *Manuela H. v. Eighth Jud. Dist. Ct.*, 132 Nev. 1, 6, 365 P.3d 497, 501 (2016). When a statute is clear, our interpretation will not go beyond its plain language. *Rubin*, 137 Nev. at 291, 491 P.3d at 5.

When a child residing or located within the county is determined to be "in need of protection," the district court has jurisdiction over the ensuing proceedings. NRS 432B.410(1). NRS 432B.550 permits a district court to enact certain measures regarding such a child. Critically here, after reviewing the report filed by the child-welfare-services agency, the court may continue a custodial arrangement or place a child in a custodial arrangement with a suitable person "with or without retaining jurisdiction of the case, upon such conditions as the court may prescribe." NRS 432B.550(1)(a)-(b).[2] NRS 432B.590 concerns the court holding regular

_____

[2]Additional provisions regulating the agency's report and "reasonable efforts to preserve and reunify the family," NRS 432B.393(1)(a), and with

SUPREME COURT
OF
NEVADA

(O) 1947A

hearings regarding the permanent placement of a child. Its provisions specifically "do not limit the jurisdiction of the court to review any decisions of the agency with legal custody of the child regarding the permanent placement of the child." NRS 432B.590(7).

Neither NRS 432B.550(1), on which the district court relied, nor NRS 432B.590(7), which the children proffer as an alternative source of authorization, empowered the district court to order DFS to pay rental assistance to a foster parent. By its plain language, NRS 432B.550(1) permits a court to regulate custodial arrangements, as an ongoing matter if the court retains jurisdiction and subject to conditions if the court imposes any. While this court has not interpreted "condition" in this context, the sentence structure indicates that the condition applies to the custodial arrangement to ensure that the arrangement promotes the best interests of the child. *Cf.* NRS 432B.480 (explaining that the placement of a child under protective custody must be based on "the best interests of the child"); *Monahan v. Hogan*, 138 Nev. 58, 63, 507 P.3d 588, 592 (Ct. App. 2022) ("Nevada law applies the best interests of the child standard in other contexts without ascribing it a specific definition or factors."); 43 C.J.S. *Infants* § 153 (2014) ("An infant found to be dependent or neglected may be placed in the custody of a relative, or some other suitable person, pursuant to statutory authority, subject to such conditions and restrictions as the court deems prudent for the best interests of the infant." (footnotes omitted)). Any conditions imposed thus regulate the custodial arrangement. Such a regulation is distinguishable from a directive commanding DFS to take a particular action, such as paying money, which

---

whom a child may be placed, are set forth but need not be examined as they are not material to this dispute, *see* NRS 432B.550(2)-(9).

SUPREME COURT
OF
NEVADA

6

is not a condition on a custodial arrangement. Even though that directive may relate to the custody plan, its commandment goes to the agency and not the conditions of custody.

NRS 432B.590(7) likewise provides no authority to act in this fashion. That provision is not an affirmative grant of a power to review agency decisions regarding custody. Rather, it merely makes clear that NRS 432B.590 does not limit a court's jurisdiction to review agency decisions where it otherwise has the authority to act. And insofar as the district court order also referenced its duty to review DFS's placement plan pursuant to NRS 432B.553, we observe that the court did not rely on that statute in its order, that NRS 432B.553 does not apply to the rental assistance question, and that NRS 432B.553 would not support the district court's order. *See* NRS 432B.553(1)(a) (requiring an *agency that obtains custody* of a child to create a placement plan intended for judicial review). We therefore conclude that the district court was not authorized to enter its order compelling DFS to pay rental assistance on these bases.

Other statutes in NRS Chapter 432B further crystallize the court's limited and delineated role when regulating the agency's funding decisions and counter the children's contention that the district court had inherent authority to enter its order. The Nevada Division of Child and Family Services requests state appropriations from the Legislature in order to provide block grants to child-welfare-services agencies in large counties and provides additional incentive payments to such agencies under certain circumstances. NRS 432B.180(1)-(2); *cf.* NRS 432B.2165 (regulating an incentive payment program). In turn, a child-welfare-services agency, such as DFS, "that receives a block grant . . . may use the money allocated for any costs of providing child welfare services without restriction." NRS

432B.2185(2). The contrast between DFS's discretion in allocating its budget and the district court's lack of authorization to control the exercise of that discretion is telling. The Legislature expressly delegated control over DFS's spending decisions to the agency itself, underscoring this delegation by stating that its control was "without restriction." *Id.* In attempting to dictate DFS's use of a portion of its budget, the district court here improperly sought control of DFS's official acts. *See Crane v. Cont'l Tel. Co. of Cal.*, 105 Nev. 399, 401, 775 P.2d 705, 706 (1989) ("Courts have no inherent appellate jurisdiction over official acts of administrative agencies except where the legislature has made some statutory provision for judicial review."). When the district court ordered DFS to pay rental assistance, it contravened DFS's policy that it did not pay such expenses, and the court thus overstepped. *See Malecon Tobacco, LLC v. State ex rel. Dep't of Tax'n*, 118 Nev. 837, 841 n.15, 59 P.3d 474, 477 n.15 (2002) ("Courts must respect the judgment of the agency empowered to apply the law to varying fact patterns, even if the issue with nearly equal reason might be resolved one way rather than another." (cleaned up)); *Cal. State Emps.' Ass'n v. State*, 108 Cal. Rptr. 60, 64 (Ct. App. 1973) ("[C]ourts have no authority to compel a separate and equal branch of state government to make appropriation of funds."). We therefore conclude that the district court did not have the inherent authority to enter the order challenged here.

The district court acted arbitrarily and capriciously when it purported to exercise an authority it did not possess and interfered with DFS's discretion to administer its budget. DFS is therefore entitled to

mandamus relief. We direct the clerk of this court to issue a writ of mandamus directing the district court to vacate its order.[3]

## CONCLUSION

NRS Chapter 432B provides different roles for district courts and child-welfare-services agencies in protecting children from abuse and neglect. When the district court acts without statutory authority and usurps control over a matter statutorily delegated to a child-welfare-services agency, it acts arbitrarily and capriciously. We therefore grant DFS's petition and direct the clerk of this court to issue a writ of mandamus directing the district court to vacate its order requiring DFS to pay rental assistance to the children's aunt.

_____, J.
Stiglich

We concur:

_____, J.
Pickering

_____, J.
Parraguirre

---

[3]While the district court order implicates the separation of powers, we decline to reach DFS's constitutional claim given that relief is warranted on statutory grounds. *See Spears v. Spears*, 95 Nev. 416, 418, 596 P.2d 210, 212 (1979) ("This court will not consider constitutional issues which are not necessary to the determination of an appeal."). In light of our disposition, we need not resolve DFS's claims that the district court violated its right to due process and Eighth Judicial District Court rules on oral motions. And given the disposition, we deny the request for a writ of prohibition as moot.